Dennis and others *vs.* Ray.

No. 80.—Jno. Dennis and others, plaintiffs in error, *vs.* Samuel J. Ray, receiver, defendant.

[1.] Where a bill alleged that there was a debt due on a judgment by the copartnership firm of E. W. & J. Dennis, in favor of the Central Bank of Georgia, and that a *fi. fa.* had issued thereon, which had been paid off by Thomas Crutchfield, and Gregory J. Turner, as indorsers; and upon the trial of the cause a *fi. fa.* was offered in evidence in favor of the Central Bank of Georgia, against E. W. Dennis, as *principal*, and John Dennis, Thomas Crutchfield, and Gregory J. Turner, as indorsers: *Held*, that the *fi. fa.* was properly rejected on the ground of *misdescription*, there being no offer to amend the bill so as to make the *allegata* and *probata* correspond.

[2.] As a matter of practice, this Court will not control the discretion of the Court below, in refusing to suspend a cause then on trial, for the purpose of taking up another cause, to permit a defendant's answer thereto to be filed, so as to make it evidence, as an answer in the cause then on trial, especially when the party who had answered was dead, and there were objections raised to its being filed.

[3.] The answer of one copartner to a bill in Equity filed against the copartnership, which contains admissions against the interest of the company, although not filed as an answer in the cause, may be read in evidence as a *written admission* against the copartnership, on due proof of its execution.

[4.] Where goods have been purchased in the name of and on the credit of one copartnership firm, and turned over to another copartnership firm, composed of some of the same individuals, without any *bona fide* or *valuable* consideration being paid therefor: *Held*, that a Court of Equity will aid the judgment creditors of the copartners making such transfer, to follow the goods into the hands of the transferees, and require them to account for such goods, or the proceeds of the sale thereof, and apply the same in satisfaction of their judgments.

[5.] A defendant, in his answer to a bill in Chancery, cannot charge himself with the receipt of goods, or the proceeds of the same, and also *discharge* himself, by alleging that he has accounted therefor.

In Equity, in Crawford Superior Court.  Tried before Judge Stark, August Term, 1850.

This was a creditor's bill, filed by the plaintiffs in error, against the defendant in error, to subject certain assets to the payment of the judgment creditors of the firm of E. W. & J. Dennis.

The bill alleges that in February, 1841, E. W. & J. Dennis, who had been doing business as merchants and partners for a

number of years previous, made ·a pretended transfer of the goods then on hand, a part of which were on the shelves of the store-house and a part in boxes, unopened, therein, of the value of $2700, to the firm of James J. Ray & Co. the said firm being composed of James J. Ray, E. W. &´J. Dennis.

The bill alleges that the change of name of the firm, was merely for the purpose of winding up the business of the old firm, and that no interest in the stock of goods was transferred to James J. Ray—that he contributed no part of the partnership stock of James J. Ray & Co.—that it was verbally agreed by the parties, that Ray should, as a compensation for his services, receive one-third part of the profits of the concern, and be liable for one-third part of its losses.

The bill alleges that all the goods afterwards purchased for the firm of J. J. Ray & Co. were purchased in the name and on the credit of E. W. & J. Dennis; that the said firm was dissolved in the year 1844. Among other debts alleged to have been owing by the firm of E. W. & J. Dennis, was one to the Central Bank of Georgia, which it was alleged had been paid off by the indorsers, Crutchfield and Gregory J. Turner. In July, 1844, E. W. Dennis departed this life intestate and insolvent. At August Term of the Superior Court of Crawford County, 1844, James J. Ray was appointed receiver of the assets of the firm of James J. Ray & Co.—that as such receiver, he received into his hands a large sum, consisting of notes, accounts, &c. which was the property of E. W. & J. Dennis, and that the same was the proceeds of the stock of goods on hand at the time of the change of the partnership name, in 1841, and that there was no outstanding debts against the firm of James J. Ray & Co.

The bill charges that the said James J. Ray refuses and neglects to pay out the assets received by him, to the judgment creditors of the firm of E. W. & J. Dennis.

The bill prays that the said James J. Ray may account for the assets which went into his hands as receiver, and that the same may be applied to the payment of the creditors of the firm of E. W. & J. Dennis.

In his answer, among other statements which it is not neces-

sary to give, the defendant states : " That the firm of James J. Ray & Co. bought of the firm of E. W. & J. Dennis, the stock of goods on hand in 1841, and then on the shelves .of the said E. W. & J. Dennis; that the said stock consisted of a small remnant of old goods of little value, to wit : of the value of $1100, which the said firm of James J. Ray & Co. were to take and sell at such prices as could be obtained for them, and were to account for them to said firm of E. W. & J. Dennis, for the amount produced from said sales, which this defendant says has been done.

That the only outstanding debt to which the assets in his hands are liable, is a debt due to Samuel J. Ray & Co. of the City of Macon, in an open account, for the sum of $2175 and 9 cents; which account, according to the understanding between the parties, is in the name of E. W. & J. Dennis, for goods sold and money advanced by said firm of Samuel J. Ray & Co. to the firm of James J. Ray & Co."

On the trial, a *fi. fa.* in favor of the Central Bank of Georgia against E. W. Dennis, as principal, and Crutchfield and Gregory J. Turner, as indorsers, was offered in evidence by the complainant. The defendant objected, and the Court rejected the *fi. fa.* on the ground of variance between the allegation in the bill and the evidence ; and the complainant excepted.

The complainant proposed to read the answer of E. W. Dennis, to a bill filed by Samuel J. Ray & Co. against James J. Ray & Co. and which answer contained admissions against the interest of the firm of James J. Ray & Co. The answer had never been filed in Court. Counsel for defendant objected to its being read, and the Court sustained the objection, and complainant excepted. Complainant then offered the answer in evidence, as an admission in writing, first proposing to prove its execution ; defendant objected, and the Court sustained the objection, and complainant excepted.

The evidence being closed on both sides, Solicitor for the complainant requested the Court to instruct the Jury, that they could not by their verdict, decree the payment of the alleged account of Samuel J. Ray & Co. out of the assets in the hands

of defendant, said account not being proved, &c. which the Court declined to charge, and complainant excepted.

Solicitor for complainant requested the Court to charge the Jury : " That if they believed from the testimony, that the assets in the hands of the defendant were the proceeds of the goods purchased on the credit of E. W. & J. Dennis, that the purchase of the goods by and on the credit of E. W. & J. Dennis, vested the property in the goods in E. W. & J. Dennis, and the assets were subject to the complainant's *fi. fas.* &c." which the Court refused, and charged the Jury on this point : " That the purchase of the goods in the name and on the credit of E. W. & J. Dennis, did not make them the property of E. W. & J. Dennis ; that it was competent for James J. Ray & Co. to have agreed with the vendors of the goods, to sell them on the credit of E. W. & J. Dennis, and look to James J. Ray & Co. for payment, and in that event, the goods were the property of James J. Ray & Co." complainant excepted.

Solicitor for complainant requested the Court to charge the Jury, that it was incumbent on the defendant, if such agreement existed, to prove it, which the Court refused to do, and complainant excepted.

The Court charged the Jury : " That E. W. Dennis could not deal with himself in selling the stock of goods to himself and Ray, but he could, by the assent of John Dennis, take Ray in as a partner with himself, and if he, with the assent of John Dennis, took Ray in as a partner, and by John Dennis' assent agreed with Ray that the stock of goods then on hand should constitute a part of the stock of James J. Ray & Co. then if the arrangement was not intended to defeat defendant's creditors, the transfer is good in law, and the goods become the property of James J. Ray & Co. and all the assets of the firm of James J. Ray & Co.; are sacred to the payment of Samuel J. Ray & Co. in preference to the complainants' claims." ·

To which charge complainant excepted, and upon these several exceptions has assigned error.

G. R. HUNTER, for plaintiff in error.

Poe & Nisbet, and Hall & Hall, for defendant.

*By the Court*—Warner, J. delivering the opinion.

[1.] The first alleged ground of error which we shall notice, is the rejection of the Central Bank *fi. fa.* offered in evidence by the complainants. The allegation in the complainant's bill is, that there was a debt due from *the firm of E. W .& J. Dennis* to the Central Bank, which had been paid off by Thomas Crutchfield, and Gregory J. Turner, as indorsers.

The *fi. fa.* offered in evidence, was not against the firm of E. W. & J. Dennis, but issued on a judgment, as appears upon its face, against E. W. Dennis as *principal*, and John Dennis, Thos. Crutchfield and Gregory J. Turner, as *indorsers*. The complainants did not move to *amend* the bill, so as to make the allegation and the evidence correspond, and we think the evidence was properly rejected by the Court, on the ground of *misdescription* of the *fi. fa.*

[2.] The second ground of error taken is, the rejection of the sworn answer of E. W. Dennis to a bill in Equity, filed against the copartnership firm of James J. Ray & Co. of which E. W. Dennis was a member. This answer had not been filed in the cause as an answer, at the time it was offered, and the Court declined to stop the progress of the cause then before it, to take up another for the purpose of having the answer filed. As a matter of practice, we see no objection to the ruling of the Court on this point, and shall not undertake to control its discretion, in refusing to take up another cause for the purpose of permitting the answer to be filed, as E. W. Dennis had departed this life, and there were objections to the paper being filed as his answer.

[3.] The third ground of error assigned is, the rejection by the Court, of the paper purporting to be the answer of E. W. Dennis, as one of the copartners of James J. Ray & Co. containing *admissions in writing*, against the interest of said company—first offering to prove the signature of Dennis thereto. This evidence, as an admission in writing, made by one partner against the interest of the copartnership, which is admitted to have existed at

the time it was made, ought, in our judgment, to have been received. The admission was not offered to establish a *copartnership*, so far as James J. Ray & E. W. Dennis were concerned; that fact was not disputed; but was offered as an *admission* of one of the copartners, adverse to the interest of the copartnership, and favorable to the complainants, who are now seeking to collect their debts out of the assets, which they allege went into the hands of James J. Ray & Co. See 1 *Greenleaf Ev.* §177.

[4.] The fourth ground of error is to the charge of the Court to the Jury.

The Court charged the Jury : " That the purchase of the goods in the name and on the credit of E. W. & J. Dennis, did not make them the property of E. W. & J. Dennis; that it was competent for James J. Ray & Co. to have agreed with the vendors of the goods, to sell them on the credit of E. W. & J. Dennis, and look to James J. Ray & Co. for payment, and in that event, the goods were the property of James J. Ray & Co."

Solicitor for complainants then requested the Court to charge the Jury, that it was incumbent on the defendant, if such *agreement* existed, to prove it; which the Court refused to do.

The object of the complainants is, to reach the proceeds of the goods which had been purchased by E. W. & J. Dennis, on their credit, *prior* to the formation of the partnership of James J. Ray & Co. in February, 1841. The complainants charge, that the goods on the shelves of the storehouse, and in the boxes therein, purchased by E. W. & J. Dennis, were turned over to the new firm of James J. Ray & Co. and that the latter firm paid nothing therefor, and that the defendant, as the receiver and assignee of James J. Ray & Co. has now in his hands the proceeds of the goods so purchased by E. W. & J. Dennis, and so turned over to the new firm of James J. Ray & Co. The question on the trial was, whether the goods on the shelves, and in the boxes in the storehouse, at the time of the formation of the new partnership, were the property of E. W. & J. Dennis, and turned over to the new firm of James J. Ray & Co. without any consideration having been paid therefor, by the latter firm? If the

goods on the shelves, and in the boxes in the storehouse, were the property of E. W. & J. Dennis, purchased in their name, and upon their credit, and were turned over to this new firm of Jas. J. Ray & Co., without the latter firm having *bona fide* purchased and paid a valuable consideration therefor, or without having paid any thing therefor, as is alleged, to the former firm of E. W. & J. Dennis, then, the goods, or the proceeds thereof, still remain the property of E. W. & J. Dennis, and may be followed and made subject to the payment of their creditors' debts.    The goods were purchased in the name, and on the credit of E. W. & J. Dennis, and were in their possession in February, 1841, when turned over to the new firm of James J. Ray & Co.    But the Court instructs the Jury: " That it was competent for James J. Ray & Co. to have *agreed* with the vendors of the goods to sell them on the credit of E. W. & J. Dennis, and look to James J. Ray & Co. for payment, and in that event, the goods were the property of James J. Ray & Co."    Concede that it would have been competent to have made such an *agreement*, yet, we are entirely unable, after the most diligent search, to find the least evidence of any such agreement in this record.    It would have been very remarkable, had such an agreement been proved in relation to the goods, now the subject matter of controversy ; for it will be recollected, that the goods had been purchased by E. W. & J. Dennis, and were then in their possession in the storehouse, on the shelves, and in boxes, *at the time* the copartnership of James J. Ray & Co. was formed.    Upon this point, the answer of the defendant is quite *significant* and *contradictory.*    " This defendant further answering, says : That the firm of James J. Ray & Co. *bought* of the firm of E. W. & J. Dennis, the stock of goods on hand, and then on the shelves of the said E. W. & J. Dennis, of the value of eleven hundred and twenty dollars, two and a half cents, as estimated by the said E. W. & J. Dennis, which the said firm of James J. Ray & Co. was to take, and *sell at such prices as could be obtained for them, and were to account to them, the said firm of E. W. & J. Dennis, for the amount produced from said sales,* which this defendant says has been done."    If the firm of James J. Ray & Co. *bought* the goods of E. W. & J. Dennis,

what *price* did they agree to pay for them ? If they *bought* the goods, how does it happen, that the new firm of James J. Ray & Co. was to take the goods and sell them " at such prices as could be obtained for them, and *account to E. W. &. J. Dennis, for the amount produced from such sales ? "* The idea of a *purchase* of the goods by James J. Ray & Co. and then to *account for the sales thereof* to E. W. & J. Dennis, is totally inconsistent with the ordinary transactions of mankind. Purchasers do not usually pay the *purchase money* for goods to the *vendors*, and then account to *them* for the *proceeds* of the sale of such goods. " This defendant says, that the stock of goods then in boxes and unopened, constitute that portion of the stock which the said Ephraim W. Dennis was to bring into the firm of James J. Ray & Co. and that the same had been purchased in the name of E. W. & J. Dennis, and that notes in the name of the said firm of E. W. & J. Dennis, had been given for the same." The defendant also states in his answer, that the said E. W. & J. Dennis agreed, for sufficient consideration, (to wit:) selling off the said above mentioned remnant of goods, and other services rendered by the said firm of James J. Ray & Co. to permit the said last mentioned firm, to use their name in the purchase of goods in New York and elsewhere, and to draw notes and make accounts in the name of said firm of E. W. & J. Dennis, for such purchases. The *agreement* here stated by defendant, must necessarily relate to such purchases of goods as were to be made *subsequently* to the formation of the partnership of James J. Ray & Co. and not to goods which had been purchased *before* that time, in the name of, and on the credit of E. W. & J. Dennis. The complainants are seeking to reach the proceeds of goods purchased by E. W. & J. Dennis, *before* the formation of the partnership of James J. Ray & Co. As to any goods which were purchased by E. W. & J. Dennis *before* the formation of the partnership of James J. Ray & Co. there is no evidence in the record of any agreement whatever, between the *latter firm* and the *vendors* of such goods, to sell them on the credit of E. W. & J. Dennis, and to look to James J. Ray & Co. for payment; and indeed, there could not have been any such agreement, for the simple reason that the

copartnership of James J. Ray & Co. had no existence at the time the goods were purchased, which the complainants seek to subject to the payment of their debts. The complainants are seeking to subject the goods which were on the shelves and in the boxes, in the storehouse, which had been purchased in the name of, and on the credit of E. W. & J. Dennis, *before* the co-partnership of James J. Ray & Co. was formed, and which it is alleged,were turned over to the latter firm and been by them sold. Consequently, there is no evidence of any agreement, as to *those goods*, as stated by the Court in its charge to the Jury. In *Paschal vs. Davis*, (3 *Kelly*, 256,) we held, that it was error for the Court to charge the Jury, on an *assumed* state of facts, and this case is equally as strong as that. The request of the complainants solicitor, for the Court to charge the Jury, " that it was incumbent on the defendant, if such an agreement existed, to *prove* it," was both pertinent and proper, in our judgment, and ought not to have been refused.

In view of the facts of this case, as made by the record, and the principles of law applicable thereto, we think the Court erred in that part of its charge to the Jury, in relation to all the assets of the firm of James J. Ray & Co. being *sacred* to the payment of the debt of Samuel J. Ray & Co. in preference to the demands of the complainants. We do not dispute the proposition assumed by the counsel for defendant in error, that the transfer of the partnership effects of E. W. & J. Dennis, to James J. Ray & Co. for *value, and bona fide*, would have been legal and valid, and that the creditors of the former firm could not follow them ; but the very question here is, whether there was any *bona fide* transfer of the goods of the old firm to the new one ; or whether the latter firm ever did pay any value whatever, to E. W. & J. Dennis for the goods which were on the shelves and in the boxes ?

Taking the evidence, as disclosed by this record, and we have no hesitation in saying, the firm of James J. Ray & Co. never have accounted to the firm of E. W. & J. Dennis for these goods. Where is the evidence of it ? The defendant in his answer admits, that the goods on the shelves went into the hands of James

J. Ray & Co. and also the goods in the boxes ; the · latter were put in, as E. W. Dennis' share of the stock; but still the goods were the *property* of E. W. & J. Dennis, they having, as the defendant states, given their notes for them.    When and how did the firm of James J. Ray & Co. pay E. W. & J. Dennis for these goods ?    That is the question which it is incumbent on the defendant to answer, and one, which he has *not answered.*

[5.] In relation to the goods on the shelves he says, the firm of James. J. Ray & Co. were to account to E. W. & J. Dennis for the *proceeds* of the·sale· of them,,which he, " *this defendant, says he has done.*"    How accounted for them?    To whom has he accounted for them ?    In *Moore vs. Ferrell*, we held, that a defendant in his *answer* could not, both *charge* and *discharge* himself.  1 *Kelly*, 7.    Here the·defendant admits the receipt of the goods by James J. Ray Co. or so·much as was on the shelves in the. storehouse, but says he has *accounted* for the same.    To make this part of·his answer available in his defence, it is indispensably necessary he should prove by competent evidence, how, and in what manner he has accounted, and to whom.    But what has become of the· goods that were in the boxes, which had been purchased in the name of E. W. & J. Dennis, for which their notes. were given, and which went into the hands of James J. Ray & Co. as E. W. Dennis' portion of the stock?    All the goods, both those on the shelves, and those in the boxes, were the property of E. W. & J. Dennis, in February, 1841, when this new copartnership was formed.    What *consideration* have they ever received for them ?

The defendant claims the funds in his hands for the payment of a debt contracted by James J. Ray & Co. with Samuel J. Ray & Co.    If the defendant has in his hands as the receiver and assignee of James J. Ray & Co. the proceeds of the goods sold by them belonging to E. W. & J. Dennis, their creditors have an equitable right to have the same applied to the satisfaction of their judgments, in preference to a creditor of James J. Ray & Co.    The property of E. W. & J. Dennis cannot be appropriated to the payment of the debts of the creditors of James J. Ray & Co.    Let James J. Ray & Co. pay their creditors with their·

*own property;* certainly the property of E. W. & J. Dennis is not *sacred* for the payment of the debt of Samuel J. Ray & Co. who are creditors of James J. Ray & Co. in preference to their own creditors, who most probably sold them the identical goods, the proceeds of which are now sought to be applied by the defendant, to the payment of debts contracted by James J. Ray & Co. The complainants' debts were contracted *before* the copartnership of James J. Ray & Co. was formed, or are the *renewal* of debts contracted before that time. It is a mistake to suppose that the complainants seek to make the new firm of James J. Ray & Co. bound for the debts of the old firm of E. W. & J. Dennis. What the complainants seek is, to reach the goods of their debtors, or the *proceeds* thereof, which went into the hands of James J. Ray & Co. and to have the same applied in satisfaction of their judgments, on the principle, that the property of E. W. & J. Dennis, is subject to pay their debts, in whomsoever hands it may be, and a Court of Equity will lend its aid to reach it, whenever the remedy at Law is inadequate. However, the *jurisdiction* of the Court was not questioned on the argument, and it is not necessary now to discuss it. Now, it may be true, that all the assets in the hands of the defendant, *belonging to the firm of James J. Ray & Co.* may be *sacred* to the payment of the debt of Samuel J. Ray & Co. one of the creditors of that firm ; but does it follow, that that portion of the assets in the hands of the defendant, as the assignee of James J. Ray & Co. arising from the sale of E. W. & J. Dennis' property, is the property of James J. Ray & Co. and sacred to the payment of the debts of the latter firm ? The error of the Court consists, in not *discriminating* in its charge to the Jury, between the assets in the hands of the defendant, which were legitimately the property of James J. Ray & Co. and such as were the property of E. W. & J. Dennis. The Court should have instructed the Jury in relation to this branch of the case, that if the assets in the hands of the defendant were the *proceeds* of the sale of the goods which were turned over by E. W. & J. Dennis to James J. Ray & Co. for which the latter firm *had not accounted*, then, the complainants, as their judgment creditors, were entitled to have an ac-

count thereof, and to have the same first applied to the payment of their demands, in preference to the creditors of James J. Ray & Co. for the obvious reason, that the assets in the hands of the defendant, arising from the sale of E. W. & J. Dennis' property, for which James J. Ray & Co. had *never accounted*, did not belong either, to James J. Ray & Co. nor to their creditors. The complainants do not seek to interfere with the assets which *properly belong to James J. Ray & Co.* in the hands of the defendant. The complainants are seeking to reach the assets in the hands of the defendant, *which belong to E. W. & J. Dennis.* It is our judgment then, from a careful inspection of this voluminous record, that according to the pleadings and evidence, as contained therein, that so much of the goods as were purchased in the name of, and on the credit of E. W. & J. Dennis, *prior* to the formation of the partnership of James J. Ray & Co. and turned over to the latter company, including the goods which were on the shelves of the storehouse and in the boxes therein, are subject to the payment of the complainant's demands, as well as the *proceeds* arising from the sale thereof; and that the complainants, as the judgment creditors of E. W. & J. Dennis, are equitably entitled to have an account of said goods, as well as the *proceeds of the sale thereof*, from the defendant, as the receiver and assignee of James J. Ray & Co. and to have the same first applied to the payment of their judgments, in preference to any debts contracted by James J. Ray & Co. Let the judgment of the Court below be reversed.