## 13029.  Town of Decatur v. Hinson.

STEPHENS, J.  1. In this suit for damage to an automobile, caused by its colliding with an obstruction in a public street of a municipality from the alleged negligence of the municipality in maintaining the obstruction, the petition set out a cause of action and was not subject to general demurrer.

2. There was no error in admitting the bill for repairs to the automobile, in order to prove one of the elements of damage alleged to have been sustained by the plaintiff as a result of the alleged negligence of the defendant, since there was testimony to the effect that the items contained in the bill were correct and that the charges therefor were just and reasonable.

3. The charge of the court is subject to the exception that the jury was instructed that certain named acts of omission on the part of the defendant constituted negligence, since it does not appear that these acts were negligence per se, either by ordinance, statute, or otherwise, and since there were issues of fact made by the evidence as to whether the named acts referred to in the charge constituted negligence. An instruction elsewhere in the charge, that, if the jury found that the defendant was negligent, and that this negligence brought about the injury to the plaintiff, without expressly and unequivocally qualifying the instructions contained in the erroneous charge in reference to the specific acts characterized by the court as negligence, was not sufficient to counteract the effect of such erroneous charge.

4. The other exceptions to the charge of the court are without merit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1922.

Action for damages; from DeKalb superior court. — Judge Hutcheson.  October 15, 1921.

The instruction excepted to, referred to in paragraph 3 of the decision, is as follows: " In case of a defect or dangerous place in any public street, it is the duty of municipality, for the upkeep of that street, to exercise ordinary care and diligence to apprize the traveler of such condition or defect, by placing barriers or signals about it, or by some other means, within the province of ordinary care, to point out the danger.  It is conceded in this case that this alleged occurrence was on a public highway.  If you believe that there was an obstruction in the street, if you believe that it was there by the act or permission of the Town of Decatur, if you believe that it was unprotected, without reasonable lights or signals or something to warn people of its danger, and if you believe that this plaintiff was in the exercise of ordinary care, if you believe that he did not bring about this injury to the car, if it received one, if you believe that he did not know of this

dangerous instrumentality, if it was dangerous, and if you believe that in the exercise of ordinary care he could not have avoided it after he knew of it, or ought to have known of it if the thing was apparent to him, or in the exercise of ordinary care should have known of it, and that he did exercise ordinary care, then he would have the right to recover."

*Harwell, Fairman & Barrett,* for plaintiff in error.

*Westmoreland & Smith, Augustine Sams,* contra.