Argued October 3, affirmed October 17, 1951

# LOGGERS & CONTRACTORS MACHINERY CO., A Corp. *v.* OWEN

**236 P. 2d 309**

*Frank B. Reid,* of Eugene, argued the cause for appellant. With him on the brief was H. V. Johnson, of Eugene.

*Windsor Calkins* argued the cause for respondent. On the brief were Calkins and Calkins, of Eugene.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE and TOOZE, Justices.

## LATOURETTE, J.

This is an appeal from a judgment for plaintiff by defendant in the sum of $2,508.31, being the reasonable value of materials furnished and services performed for defendant at his special instance and request. Defendant, in his answer, admits that plaintiff furnished materials and performed services at the cost of $2,508.31, but alleged by cross-complaint that there was an agreement between the parties that plaintiff would repair said tractor and "do whatever was necessary and proper in the repair of said tractor to put it in first class condition." He then alleges that plaintiff failed to properly repair said tractor as it had agreed to do, by reason of which the tractor broke down and was rendered useless for any work.

It is then alleged by reason thereof that it was necessary for defendant to have said tractor repaired

again, and that defendant was entitled to a set-off against plaintiff's claim in the sum of $1,011, the cost of the repairs. It is further alleged in the cross-complaint that by reason thereof defendant lost the use of said tractor for a period of 58 days to his further damage.

There is but one assignment of error, which is:

"That the Court erred in refusing to admit into evidence Defendant's Exhibit 2, being an itemized statement of the repairs made to the caterpillar tractor in question by Interstate Tractor & Equipment Company and in so doing, prevented the Appellant from presenting his theory of the case to the jury."

The service manager for the Interstate Tractor and Equipment Company, the concern which later repaired the tractor, was called as a witness by defendant. He detailed the inspection made of the tractor at his shop and what he found concerning the condition of the tractor when it was brought in to his company's place of business. The following occurred at the trial:

"Q  Now, I hand you what has been marked for identification Defendant's Exhibit 2 and ask you what that is?

"A  That is an invoice from Interstate Tractor and Equipment Company, No. 811002 on Job No. T-105.

"Q  Is that the invoice of the work, labor and parts furnished on this particular tractor?

"A  It is.

"Q  And does that represent the parts and labor that was performed on that when it was brought to your place of business?

"A  You are right.

"Q  Is that not correct?

"A  That's true.

"Q Will you state whether or not the charges that are listed there in that exhibit for parts and for labor are reasonable charges?

"A They certainly are.

"Q Now, will you state whether or not all of the labor and parts as is identified or shown there on that exhibit were necessary labor and parts to place the tractor in good condition.

"A I don't see where one could be left off."

After interrogating the witness with respect to the condition of the tractor, defendant sought to introduce in evidence the invoice, whereupon plaintiff entered his objection which was sustained by the court.

■ The proferred exhibit as hereinbefore indicated was an itemized invoice, or bill, rendered at the conclusion of the performance of the repairs, and was not the original book or ledger entry so as to entitle it, under the shop-book rule, to be introduced in evidence.

We know of no rule of evidence that would permit the introduction of the exhibit in question. Section 2-212, O.C.L.A., states:

"There shall be no evidence of the contents of a writing, other than the writing itself, except in the following cases: * * * (5) When the originals consist of numerous accounts, or other documents, which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole."

■ The exhibit was not the general result of the whole, but an itemized invoice, nor was there any showing on behalf of defendant that the originals consisted of numerous accounts which could not be examined in court without great loss of time; therefore, the court properly sustained the objection to the introduction of such exhibit.

In *Suetter v. Cornwall*, 102 Or. 220, 201 P. 1072, intricate accounts were involved covering highway construction. The court permitted a witness to refresh his memory from a memorandum, or summary, prepared under his supervision, and admitted in evidence the summary. The above statute was not referred to in our opinion, but obviously the admission of such memorandum was in accordance with § 2-212, supra, and it may be pointed out that in that case a summary was admitted in evidence and not an itemized account such as was sought to be introduced in the case at bar.

Defendant cites 25 C.J.S., Damages, 808, § 157, in support of his assignment. The text in that valuable work is based on *Decatur v. Hinson*, 29 Ga. App. 131, 113 S.E. 702, found in the footnote. In reading the Georgia case, we find no opinion written, but, in the syllabus by the court, the rule announced in 25 C.J.S., supra, was stated. We have no way of knowing what the Georgia court meant by the "bill"—whether it was the original entry, or otherwise. It appears hornbook to us that the exhibit in question was hearsay, not the best evidence, and clearly inadmissible in the state of record. Affirmed.