### 896.   SEABOARD AIR-LINE RAILWAY *v.* SMITH.

1. Niceties of pleading are not required in justices' courts. Consequently, a variance between the statement in a justice's court summons that a sandy yellow heifer two and a half years old was killed, and proof that a sandy yellow heifer one and a half years old was killed, is not material. The difference in age does not affect the identity of the property injured, in view of the proof of other descriptive averments.

2. The killing of one's live stock is an injury or damage to his personal property. The word "damages" in article 6, section 7, paragraph 2, of the constitution, defining the jurisdiction of justices' courts, refers only to the property, and not to the owner; but damage to personal property includes as well its total destruction as it does an injury

thereto.    The damage arises from the interference with the owner's right to the legal and proper use of his own.

3. There was no error in refusing to sanction the petition for certiorari and to order issuance of the writ.

Certiorari, from Bryan superior court—Judge Seabrook. November 2, 1907.

Submitted February 5,—Decided February 14, 1908.

J. Randolph Anderson, Thomas F. Walsh Jr., for plaintiff in error.    J. H. Smith, contra.

RUSSELL, J.    J. H. Smith brought a suit in a justice's court of Bryan County against the Seaboard Air-Line Railway for $30, for the killing of "one sandy yellow heifer cow, two and one half years old." Upon the trial before the jury, Smith testified, that he owned "a sandy yellow heifer which was killed by the Seaboard." The animal was not killed outright, but was so badly crippled that it was of no use. He told the section foreman that it was "no good" to him, and was the property of the Seaboard Air-Line Railway. The section foreman killed it. The plaintiff further testified, that "the animal was worth $30 and was a year and a half old. The suit says two and a half years, but that was a mistake." On cross-examination the witness testified, that the animal which had been injured was Guinea, and he could have gotten $50 for it from his brother, because it was of the Clanton stock. He testified that he did not get the hide or anything from the carcass, and that the animal was an entire loss to him.

The jury rendered a verdict in favor of the plaintiff for $30, and costs. Thereupon counsel for the defendant presented a petition for certiorari, accompanied by proper bond and security, with certificate of payment of the costs, to the judge of the superior court. The judge, after considering the petition, denied and refused the issuance of the writ of certiorari; and exception is taken to the order refusing the writ. Only two of the errors assigned in the petition are insisted upon here.

1. It is insisted that the verdict and judgment are contrary to law and evidence, in that the allegata and probata do not agree as to the description of the animal. The only difference between the statement in the justice's court summons (or petition, if one was attached to the summons) and the testimony upon that sub-

ject, as appears from the record, is that in the former it is said that the sandy yellow heifer was two and a half years old, and according to the testimony this was a mistake, and the heifer was only one and a half years old. We do not see that this is a material variance, certainly not in a trial in a justice's court, when both the statements of the summons and the evidence fixed the identity of the animal beyond peradventure, by the further description, "a sandy yellow heifer." As we have already held in the case of *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734, niceties of pleading are not required in justices' courts. In a case like this, enough is shown if it be established beyond peradventure, either by statement of color and sex, or by the facts and circumstances of the killing, and the time and place of the accident, that the animal testified about is the same as is sued for. The learned counsel for the plaintiff in error cites: 11 Am. & Eng. Enc. of Law, 528, and citations; *Dennis* v. *Ray,* 9 *Ga.* 449; *Graham* v. *Sellers,* 70 *Ga.* 720; *Ga. R. Co.* v. *Smith,* 83 *Ga.* 627, and the dissenting opinion of Judge Hall in *Central Railroad* v. *Whitehead,* 74 *Ga.* 442. All of these citations refer to rulings in courts of record. They have no application to justices' courts, where demurrer is rarely available, and neither a motion in arrest of judgment can be sustained nor a new trial granted. And the variance in each of these Georgia cases was far more material than the mere difference of one year in the age of a cow. The difference of one year in the cow's age (the age of animals often being a matter of conjecture) seems to us to be quite immaterial, as age, as an element of description, is often an uncertain mark of identity. In the Georgia cases cited, the variance was as to material matters which affected the rights of parties. In the *Dennis* case, supra, a fi. fa. was rejected because it was alleged that the judgment was against a partnership and certain indorsers, whereas the fi. fa. offered was against an individual, and the alleged partner, in fact, appeared as one of the indorsers. In *Graham* v. *Sellers,* supra, it was held that proof that trees were wrongfully used for turpentine purposes was not sufficient to support an action of trespass, brought for damaging mill timber. The reason is apparent; because trees which could not be used for mill timber might be suitable for turpentine. In *Georgia R. Co.* v. *Smith,* supra, it was held that in a suit for overcharges of freight on shipments to

Dalton only, proof of overcharges on shipments to Rome could not be allowed, unless the petition were amended. The minuteness of the variance in this case causes it to become imperceptible, when it is compared with those presented in such cases as cited.

2. The second assignment is, that the verdict and judgment are contrary to law, because the justice's court did not have jurisdiction of the cause of action, in that the suit was for the destruction of personal property, and not for injury to it. It is ingeniously argued by counsel for plaintiff in error that where there is a total destruction of one's personal property, it can not be said to be comprehended within the words "injuries or damages," as used in article 6, section 7, paragraph 2, of the constitution (Civil Code, §5856); and quite a number of definitions of these terms are suggested in support of the argument. Of course it must be conceded that the word "damages," as used in the clause of the constitution under consideration, refers to the personal property, and not the owner. *Blocker* v. *Boswell,* 109 *Ga.* 239. But personal property can be damaged, so far as its use is concerned, and so as to effect (what is essential in every case of damages) an interference with the right of the owner to use his own, as well where an object of personal property is totally destroyed as where it is only partially injured. A costly vase would be none the less damaged if shattered into a thousand pieces than if a single piece, chipped from its artistic colorings, marred its beauty. In other words, a piece of personal property is not less damaged because it is more damaged. Can it be said, if one has two valuable paintings, handsomely framed, and another detaches the frame from one of these paintings and leaves the portrait itself uninjured, but, from some malicious motive, not only destroys the frame which encloses the other portrait, but, with a knife, slashes the canvas until it is a mass of rags, that the latter picture has not been damaged? If one were to set fire to another's cord-wood and damage it partly, by burning a portion of it, he would only have damaged it still more if the fire left only a few refuse pieces that would not burn.

In this case there was not a total destruction of the property, if the plaintiff had seen fit to use what the railroad left him. He could have used the hide for leather and the remains for fertilizer. But we can not sustain the contention that merely because the animal was killed by the railroad, it was not damaged. The life-

less remains had some use and might be of some value; but that is of no consequence. If they had either, it was not the use or the value to which the owner was entitled. He was entitled to the use of that personal property for those purposes for which cows are usually used, and the killing of the animal by the railroad, which was not excused or justified by any evidence, deprived him of that use. His personal property would have been damaged none the less if it had suffered total destruction instead of partial injury. "By damage is meant 'every loss or diminution of what is a man's own, occasioned by the fault of another,' whether it results directly to the thing owned or be but an interference with the right which the owner has to the legal and proper use of his own." Gainesville Ry. Co. *v.* Hall, 78 Texas, 169 (14 S. W. 259).

The use of the words "injuries or damages," in the constitution, was not without significance. The framers of that instrument intended to include both; and they gave jurisdiction to the justices' courts, where the amount did not exceed $100, of both injuries and damages. And while it was said in *New* v. *Southern Ry. Co.* 116 *Ga.* 148, that "injury and death are by no means synonymous," it has not been held that the killing of a domestic animal does not damage it as an article of personal property. While the verbs "to injure" and "to damage" are very nearly synonymous, *injury* and *damage* are not always legally synonymous. There can be damnum absque injuria. The case of *Patton* v. *State,* 93 *Ga.* 116, cited by counsel, is not in point. Nothing is decided in that case except that the section of the Penal Code which refers to wilful and malicious injury or destruction of either public or private property (Code of 1882, §4627) refers only to inanimate objects, and not to the injury or killing of animals of any kind.

Almost the precise question now under consideration was decided by the Supreme Court of Arkansas, in which State the constitutional provision in regard to the jurisdiction of justices' courts, so far as damages are concerned, is the same as our own. In Stanley v. Bracht, 47 Ark. 210-214, it is held that article 7, section 20 of the constitution, giving justices of the peace concurrent jurisdiction in all "matters of damage to personal property, where the amount in controversy does not exceed the sum of $100, means all injuries which one may sustain in respect to his ownership of personal property."

3. The variance between the allegata and probata being immaterial, and the evidence showing that the plaintiff's cow was damaged by being killed by the defendant company, the judge of the superior court did not err in arresting the progress of the certiorari at the threshold of judicial investigation, by refusing the writ.                                        *Judgment affirmed.*