51966. VAN VOLTENBURG v. THE STATE.

MARSHALL, Judge.

Appellant (Van Voltenburg) and Holloday were indicted, tried before a jury and convicted of two counts—criminal damage to property in excess of $100 and theft by taking less than $100. Appellant was sentenced to five years on the former and twelve months on the latter. He appeals enumerating five errors. Holloday did not appeal. *Held:*

1. Appellant contends that the evidence submitted by the state to prove the first count, criminal damage to property in excess of $100, was insufficient and that the trial court erred in not directing a verdict of acquittal,

upon motion, on that count. One of the grounds is that the state's evidence as to the value of the damage was inadmissible and has no probative value. The evidence shows that appellant and Holloday were apprehended by police at night as they were driving out of the Gordon County vehicle maintenance compound — a fenced-in area where the county parked and maintained its vehicles. The allegation is that appellant gained entrance to the compound by backing his car into the gate and breaking the gate and lock, which were property of the county. In fact, there was evidence that the damage to the gate was at the same height as the fresh scratch marks on the rear of appellant's car. In proof of the value of the damage to the gate and lock the state offered the testimony of the county commissioner: "Q. Alright sir, and did you have an estimate made and did you yourself make an estimate of that damage done to the gate? A. Anywhere from 150 to 175 damage." (T 43) On cross examination the commissioner testified: "Q. Mr. DeFoor, did you get an independent estimate? A. No, sir, I didn't get an independent — I know what I paid for the two gates. Q. Did you buy those gates new? A. Yes, sir." (T 44) In addition to this evidence the state introduced several photographs of the damaged gates.

It appears that the commissioner paid for the two new gates to replace the old ones and that his testimony as to this cost was from his own personal knowledge. He was not stating his opinion as to value but was stating a fact. *Morgan v. State,* 135 Ga. App. 139 (2) (217 SE2d 175); *Kingston v. State,* 127 Ga. App. 660 (2) (194 SE2d 675); *Jones v. Universal Credit Corp.,* 88 Ga. App. 24 (3) (75 SE2d 822). From this fact and from the photographs, the jury had sufficient evidence to determine that the damage was in excess of $100.

2. Appellant's second enumeration is that the trial court also erred in denying his motion for directed verdict of acquittal on the second count, theft by taking. The allegation was that the appellant and his companion took 25 gallons of gasoline from county trucks parked inside the compound. The evidence introduced by the state on this count was that when the appellant and Holloday were apprehended driving out of the compound, the police

discovered two 5-gallon cans in the trunk of their car filled with gasoline. In addition, the gas cap of their car was off and gasoline was spilling out, the car having stopped on an uphill incline. On further investigation inside the compound the police discovered the gas caps from five county trucks were off; that there were round imprints on the ground beside the trucks which resembled the rim on the bottom of the 5-gallon cans in the trunk of appellant's car; that wet gasoline was present on the outside of the cans and at several spots near the trucks; and that mud on the wheels of appellant's tires was similar to the mud surrounding the county trucks.

All of the above evidence is circumstantial. There is no direct evidence that the gasoline found in appellant's car was taken from the county trucks. Because of this fact, appellant moved for a directed verdict contending that the state had not excluded every reasonable hypothesis save that of guilt of the appellant as it was required to do under Code § 38-109, the reasonable hypothesis being that the gasoline was not stolen but was property of appellant. Yet at the stage of the trial at which this motion was made (after the state rested) the appellant had not yet established such an alternative theory or "reasonable hypothesis." At this stage there was no evidence that appellant or Holloday lawfully obtained possession of the gasoline. The enumeration of error is not that the evidence is insufficient to support the verdict but that the appellant should have been acquitted at the close of the state's case because the "evidence introduced, with all reasonable deductions and inferences therefrom. . . demand[ed] a verdict of acquittal. . ." Ga. L. 1971, pp. 460, 461 (Code Ann. § 27-1802). After the state rested, the evidence did not demand acquittal, for a "reasonable deduction and inference" that can be drawn from the evidence is that the gasoline was taken by appellant and Holloday from the county trucks.

However, even if the error enumerated was the insufficiency of the evidence, and consideration is given to Holloday's testimony that he bought the gasoline in Atlanta and was driving to Iowa to visit with relatives, the "reasonableness" of the hypothesis was properly resolved by the jury. " 'It is not necessary to show that it

was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. It is sufficient to show to a moral certainty that it was the prisoner.' [Cits.] 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors.' [and cits.]" *Neal v. State,* 130 Ga. App. 708, 712 (204 SE2d 451), quoting from *Townsend v. State,* 115 Ga. App. 529, 531 (154 SE2d 788). See also *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643).

3. Appellant enumerates the failure of the trial court to instruct the jury on the lesser included offense of criminal trespass. However, the record does not disclose that a request was made for such a charge. Under the second rule of *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), such a failure to charge without a request is not error.

4. The appellant also contends that the trial judge misled and confused the jury by instructing them, in effect, that they were not concerned with fixing the punishment if they found appellant guilty. No authority is cited for this proposition (and we are aware of none). This enumeration is deemed abandoned under Rule 18 (c) (2) of the Court of Appeals (Code Ann. § 24-3618).

5. Appellant's final enumeration of error is that the trial judge erred in considering evidence of prior convictions during the pre-sentencing phase of the trial. The record shows that during the sentencing hearing the trial judge referred to a pre-sentence investigation report which apparently was compiled by the probation department of Cherokee County. In conversation with the appellant, the judge mentioned numerous prior convictions. "The Court: Looks like you started back in 1945, you have a rather extensive record. (T 93)... an armed robbery case there in California which you got five years to life. [T 94]... auto theft? That was the first conviction in '45. Mr. Van Voltenburg: I did three years and six months on that, Your Honor. The Court: Then you had grand larceny, five years to serve. Mr. Van

Voltenburg: That ran concurrently, Your Honor. The court: You had B & E, what was that? Mr. Van Voltenburg: breaking and entering, Your Honor. The court: Breaking and entering, breaking and entering, ten years to serve, then you had an escape, five years to serve. Then in California you had five years to life for armed robbery. In '64 you had fifteen years in Iowa for possession of burglary tools. Then in '70 you got five more years for escaping. Yes, I expect that you have spent twenty-nine years in prison. [T 97]" At the conclusion of the conversation, the judge stated ". . . I consider the long criminal record starting in 1945, which makes it apparent to this court that this defendant, that means Van Voltenburg, probably is never going to be rehabilitated. The sentence of the court is in the misdemeanor case that he serve twelve months; in the felony case that he serve five years, but I'll let them be served concurrently, . . ." (T 102, 103).

Appellant contends that the trial judge's consideration of the past record was erroneous for two reasons: (1) it violated the Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503 (a)) "that only such evidence in aggravation as the state has *made known to the Defendant prior to his trial* shall be admissible and this past record was not made known to appellant, and (2) there was no evidence that appellant had the benefit of counsel or waived same at any of these prior trials or convictions."

The state contends that the pre-sentence report was properly considered by the trial judge under the authority of Ga. L. 1972, pp. 604, 611 (Code Ann. § 27-2710) which provides: "The superior court may require, before imposition of sentence, a presentence investigation and written report in each felony case in which the defendant has entered a plea of guilty, nolo contendere or been convicted"; and at p. 609 (Code Ann. § 27-2709), "Prior to such hearing, the court may refer the case to the circuit probation supervisor of the circuit in which such court is located for investigation and recommendation. The court, upon such reference, shall direct the supervisor to make an investigation and report to the court in writing at a specified time upon the circumstances of the offense and the criminal record, social history and present condition of

the defendant, together with such supervisor's recommendation, and it shall be the duty of the supervisor to carry out the directive of the court."

We agree with appellant for both reasons asserted. As to the notice required under Code Ann. § 27-2503 (a) the record clearly shows that the prior convictions were considered in aggravation of punishment and were not made known to appellant prior to trial. The apparent conflict with the Code provisions cited by the state (Code Ann. §§ 27-2709, 27-2710) was an issue before the Georgia Supreme Court in *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792). We quote from that opinion: "The information in these reports [presentence investigation reports made by probation officers] cannot be regarded as 'evidence' either in aggravation or in mitigation as such reports are not a part of the evidence introduced at the presentence hearing. Undoubtedly, in many instances they also have been considered by the trial judge in fixing the length of the sentence. The 1974 statute, Code Ann. § 27-2503 (a), does not permit this use of those reports. Therefore, if a presentence report contains any matter adverse to the defendant and likely to influence the decision to suspend or probate the sentence, it should be revealed to defense counsel by the trial judge in advance of the pre-sentence hearing to give the accused an opportunity for explanation or rebuttal. However, since the statute (Code Ann. §§ 27-2709—10) does not require the content of the report to be shared with counsel, we must conclude that it is in the sound discretion of the trial judge whether to reveal the content of the report to counsel for the accused and for the state.

"We hold that the trial court was authorized to consider these reports for the purpose of deciding whether to suspend or probate all or some part of the sentences to be imposed in the case as provided in Code Ann. § 27-2709. Since the transcript does not show these reports were used by the trial judge to increase the length of the sentences imposed in the case, we find no cause for reversal."

Regardless of the meaning of this portion of *Munsford,* it is clear from the present record that the trial judge used the report to impose the maximum sentence, which is clearly prohibited by *Munsford.*

It is also clear that the prior convictions were considered without a showing that appellant had the benefit of counsel or waived same. See *Harrison v. State,* 136 Ga. App. 71 (2) (220 SE2d 77).

For these reasons the sentence was erroneously imposed, and the case is remanded for a new sentencing hearing.

*Appeal remanded with direction. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED APRIL 7, 1976 — DECIDED MAY 13, 1976.

*Charles M. Williams,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.