## 60121. BEMBRY v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of criminal damage to property in the second degree.

1. Appellant asserts the denial of his motion for directed verdict of acquittal as error. He urges, in support of this enumeration, that the state failed to prove that the damage to personal property exceeded $100, an essential element of the crime under Code Ann. § 26-1502 (a). This argument is clearly meritless. The victim gave uncontroverted testimony that the cost of replacing the glass windows in his automobile, broken by appellant, was $212.44. The repairman likewise testified that replacing the broken automobile windows was done at a cost of $212.44. The repair bill in an identical amount was introduced into evidence. This was sufficient evidence that the "damage" done to the automobile by appellant exceeded $100. *Tapes & Things, Inc. v. Evans,* 133 Ga. App. 705 (212 SE2d 31) (1975). See also *Town of Decatur v. Hinson,* 29 Ga. App. 131 (113 SE 702) (1922); *Southeastern Express Co. v. Chambers,* 33 Ga. App. 44 (1) (125 SE 507) (1924); *Georgia R. & Power Co. v. Eubanks,* 33 Ga. App. 255 (125 SE 909) (1924).

Appellant's reliance on *Abbott v. State,* 130 Ga. App. 891 (205 SE2d 14) (1974) is misplaced. *Abbott* deals with the sufficiency of the evidence to demonstrate theft by taking under former Code Ann. § 26-1802 of property exceeding $100 in "value." The issue in the instant case, however, is the sufficiency of the evidence of the damage to, not the value of, property. "In a popular sense, the word 'damage' does frequently mean depreciation in value, whether such depreciation is caused by a wrongful or a lawful act; but in statutes . . . the word always refers to some actionable wrong — some loss, injury, or harm which results from the unlawful act, omission, or negligence of another." *Austin v. Augusta Terminal R. Co.,* 108 Ga. 671, 674 (34 SE 852) (1899). " '. . . [D]amage to personal property . . ., means all injuries which one may sustain in respect to his ownership of personal property.' " *Seaboard Air-Line R. Co. v. Smith,* 3 Ga. App. 644, 648 (60 SE 353) (1907). For the reasons discussed above, there was sufficient evidence that the victim's car was damaged, i.e., injured, in an amount exceeding $100.

2. Appellant enumerates error in the failure of the trial court to charge, without request, on "the method of calculating the value of the damage to personalty" and on "the distinction, in the computation of damages, between those damages which may have been caused by accidental means and those which might have been caused intentionally." Appellant cites, in support of these

enumerations, several civil cases which hold that it is error in an action for damages to fail to instruct the jury as to the manner and method of computing and arriving at the damages claimed. Those cases have no application to the instant criminal case. The trial judge here instructed the jury as to the state's burden of proving beyond a reasonable doubt each and every element of the offense as charged in the indictment. The court further charged in the language of the applicable code section defining the crime charged as the intentional infliction of damage to the property of another in excess of $100. This was a full and adequate charge on the issue of damages as it related to the issue before the jury. The instruction given being entirely adequate and appropriate under the facts of the case, there was no error for any reason urged by appellant. See *Gober v. Atlanta Baking Co.*, 128 Ga. App. 679, 682 (3) (197 SE2d 769) (1973).

*Judgment affirmed. Quillian P. J., and Shulman, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 9, 1980 — REHEARING DENIED SEPTEMBER 25, 1980 —

*Sidney L. Moore, Jr.,* for appellant.
*M. Randall Peek, District Attorney, Garland B. Cook, Jr., Assistant District Attorney,* for appellee.