## 60453. JOHNSON v. THE STATE.

Sognier, Judge.

Appellant was convicted of aggravated assault on a peace officer engaged in the performance of his official duties, and criminal damage to property.

1. Appellant contends that the trial court erred in charging the jury on the criminal intent required to authorize conviction of aggravated assault on a peace officer. Code Ann. § 26-1302 provides:

"A person commits aggravated assault when he assaults . . . (b) with a deadly weapon . . . A person who knowingly commits aggravated assault upon a peace officer while such peace officer is engaged in or on account of the performance of his official duties shall upon conviction be punished by imprisonment for not less than five nor more than 20 years."

However, appellant made no objection to the trial court's charge, even when asked specifically by the court if he had any questions or additions to the charge. Unless there is substantial error which is harmful as a matter of law, such acquiescence in the given instruction is reason enough to find appellant's enumeration of error without merit. Code Ann. § 70-207 (c); *Hodges v. State,* 147 Ga. App. 434 (249 SE2d 149) (1978).

Even had appellant objected, the trial court charged correctly on the intent required to commit aggravated assault on a peace officer. Code Ann. § 26-1302. Appellant contends that because the charge included an instruction on criminal negligence, the jury was authorized to find appellant guilty without finding the requisite intent. The trial court charged, however, that knowledge was an essential element of the offense when it charged on the elements of aggravated assault, and by charging that at the time of the assault appellant must have knowledge that he was assaulting a police officer engaged in the performance of his official duties. *Glover v. State,* 153 Ga. App. 74 (264 SE2d 554) (1980); *Murphy v. State,* 146 Ga. App. 721, 726 (247 SE2d 186) (1978). Hence, we find no error in the charge.

2. Appellant next contends that the evidence was insufficient to support the verdict of guilty as to the offense of criminal damage to property, because the state failed to prove that the damage to property exceeded $100 and that the property was that of another person. Code Ann. § 26-1502 provides: "A person commits criminal damage to property in the second degree when he (a) intentionally damages any property of another person without his consent and the damage thereto exceeds $100 . . . ."

Appellant admitted that the truck he damaged belonged to someone else and that he had knocked out almost all the windows in the truck with a piece of firewood. The owner of the truck also testified that the damaged truck belonged to him and that he was in possession of the truck. This testimony was sufficient to establish that the truck "was the property of another person." See *Denson v. State,* 149 Ga. App. 453, 455 (254 SE2d 455) (1979).

The only testimony as to whether damage done exceeded $100, however, was that of the owner of the property. When asked how much it would cost to replace the windows in his truck, the owner responded, "I'd guess at $600." When asked if he had any basis for

this opinion, he responded negatively and stated that he had not obtained an estimate on the replacement value of the windows. The testimony of the owner of property as to his opinion of the value of the property, without giving his reasons therefor, is inadmissible in evidence as it has no probative value. *Williams v. State,* 151 Ga. App. 266, 267 (259 SE2d 671) (1979). See also *Bembry v. State,* 155 Ga. App. 847 (1980). The evidence was insufficient to authorize a finding that the damage done to the truck was in excess of $100.

The state argues that even if the evidence failed to show that the damage to property was in excess of $100, as required by Code Ann. § 26-1502, the evidence was sufficient to convict appellant of the offense of criminal trespass under Code Ann. § 26-1503 (a). See *Dotson v. State,* 144 Ga. App. 113, 114 (240 SE2d 238) (1977). We do not agree. This court has held that where there is no evidence as to whether the amount of damage done is more or less than $100, no conviction can stand under Code Ann. § 26-1503 (a). *Fullewellen v. State,* 127 Ga. App. 568, 569 (194 SE2d 275) (1972).

*Judgment affirmed in part and reversed in part. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED
NOVEMBER 12, 1980 —

*Wade M. Crumbley,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.