## 66699. HOLBROOK v. THE STATE.

SHULMAN, Chief Judge.

A jury convicted appellant of aggravated assault, simple battery, and criminal damage to property in the second degree. He now appeals, enumerating three errors.

1. The state presented evidence which showed that the victim was driving her automobile when appellant, driving a separate vehicle, several times rammed into the rear of the victim's car. He then sideswiped her car, causing it to make a 180-degree turn. When her vehicle came to rest, the victim left it and ran toward a roadside shop. However, appellant caught up with her, throttled her, and hit her until a third party arrived at the scene. Appellant takes issue with the sufficiency of the evidence supporting the allegations of criminal damage to property and aggravated assault.

"A person commits the offense of criminal damage to property in the second degree when he: (1) Intentionally damages any property of another person without his consent and the damage thereto exceeds $100.00 . . ." OCGA § 16-7-23 (a) (Code Ann. § 26-1502). Appellant argues that his conviction cannot be sustained because there was insufficient evidence of the amount of damage done to the property.

The owner of the property testified that a body shop had repaired the damage which had resulted from appellant's actions, and had charged her $295. Photographs of the damaged automobile were also admitted into evidence. "The testimony of the owner of property as to his opinion of the value of the property, without giving his reasons therefor, is inadmissible in evidence as it has no probative value. [Cits.]" *Johnson v. State,* 156 Ga. App. 411 (2) (274 SE2d 778). However, when the witness pays the monetary amount necessary to make his property whole again, he thereafter is not stating his *opinion* as to the value, but is stating a *fact. Van Voltenburg v. State,* 138 Ga.

App. 628 (1) (227 SE2d 451). "From this fact and from the photographs, the jury had sufficient evidence to determine that the damage was in excess of $100." Id. Compare *Johnson v. State,* supra; and *Loethen v. State,* 158 Ga. App. 469 (1) (280 SE2d 878), where the owner's unsupported opinion as to value was ruled inadmissible.

2. Under the law as it existed at the time the events in issue took place (November 1981), "[a] person commits aggravated assault when he assaults . . . with a deadly weapon." Ga. L. 1976, p. 543, § 1. Appellant maintains that the evidence of simple assault, an essential element of aggravated assault, is insufficient in light of the victim's failure to testify that appellant's actions placed her "in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a)(2) (Code Ann. § 26-1301).

Although the victim never specifically stated that appellant's actions caused her to fear for her personal safety, she did testify that she abandoned her car as soon as it came to a halt and ran toward a store to get help. Since appellant's acts were sufficient to cause the victim to retreat and to generate a reasonable fear that the appellant intended to inflict injury upon her, the jury was authorized to conclude that appellant had committed assault. *Crane v. State,* 152 Ga. App. 148 (2) (262 SE2d 513). See also *Sutton v. State,* 245 Ga. 192 (1) (264 SE2d 184), where the victim of the aggravated assault was unable to testify about her "reasonable apprehension" because the defendant's subsequent actions killed her. The jury was authorized to conclude that the assault in the case at bar became aggravated when appellant used his automobile in the manner described above. *Guevara v. State,* 151 Ga. App. 444 (2) (260 SE2d 491); *Blalock v. State,* 165 Ga. App. 269 (299 SE2d 753).

3. In his final enumerated error, appellant argues that he was denied a fair trial because several potential jurors saw appellant in the courtroom in a jumpsuit with the word "jail" stenciled on the back. As soon as his attire was noticed by an officer of the court, appellant was removed from the courtroom. He later returned dressed in civilian garb. The members of the jury panels involved were questioned regarding their observations of appellant's attire, and those who had noticed the jail clothing were individually questioned as to whether he/she could disregard the sight in reaching a verdict. All stated that they could do so. The trial court refused to strike for cause those potential jurors who had seen appellant dressed in the jail garb, but appellant was given six additional peremptory strikes. We conclude that the trial court's prompt action to rectify an inadvertent error on the part of the sheriff's office removed any prejudical effects appellant's appearance may have caused. See *Carter v. State,* 155 Ga. App. 840 (273 SE2d 417).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 12, 1983.

*Caleb Davies IV, Steven M. Campbell,* for appellant.
*Rafe Banks III, District Attorney,* for appellee.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*