73926. IN THE INTEREST OF J. R. F.
73927. IN THE INTEREST OF D. A. V.
(356 SE2d 747)

CARLEY, Judge.

Appellants were involved in a physically violent encounter with another juvenile. As a result, petitions alleging appellants to be delinquent were filed. The juvenile court found that appellant J. R. F. was delinquent by virtue of the commission of the crimes of aggravated assault and criminal damage to property in the second degree. Appellant D. A. V. was found to be delinquent by virtue of the commission of simple battery. Appellants filed separate notices of appeal from the orders adjudging them to be delinquent. As the result of the virtual identity of the enumerations of error, the two appeals are hereby consolidated for disposition in this single opinion.

1. Appellants enumerate as error the juvenile court's failure to make appropriate findings of fact with regard to the issue of delinquency.

OCGA § 15-11-33 (a) provides, in relevant part: "[I]f the petition alleges that the child is delinquent . . . , after hearing the evidence the court shall make and file its findings *as to whether the acts ascribed to the child were committed by him.*" (Emphasis supplied.) In the cases sub judice, the juvenile court heard the evidence and made findings that appellant J. R. F. had committed acts of aggravated assault and criminal damage to property and that appellant D. A. V. had committed an act of simple battery. There was no error in failing to make more explicit findings. Compare *Crook v. Ga. Dept. of Human Resources*, 137 Ga. App. 817 (224 SE2d 806) (1976) (deprivation); *W. R. G. v. State of Ga.*, 142 Ga. App. 81 (235 SE2d 43) (1977) (deprivation); *In the Interest of A. A. G.*, 143 Ga. App. 648 (239 SE2d 697) (1977) (deprivation); *Jackson v. Jackson*, 145 Ga. App. 564 (244 SE2d 91) (1978) (deprivation).

2. The juvenile court held that testimony concerning the alleged victim's general reputation for violence could not be given by any witnesses other than appellants. The basis for this was the court's ruling that, unless the victim's general reputation for violence was actually known to appellants, that reputation would be irrelevant to their justification defense.

When the predicate for the admission of evidence of a victim's general reputation for violence has been laid in a given case, that evidence "may come from two sources, the accused or a witness. Where such testimony comes from a witness, there is no requirement that it be shown that the accused knew of the [victim's] general reputation for violence. Assuming that such reputation was not known to the accused, the testimony of the witness is nevertheless admissible to corroborate the testimony of the accused that the [victim] was violent on the occasion in question on the theory that a person with a general reputation for violence is more likely to have been violent toward the accused than a person with a gentle reputation. 'It is more probable that a person will act in accordance with his character (disposition) than that he will act contrary to it.' [Cit.]" *Henderson v. State*, 234 Ga. 827, 829-830 (1) (218 SE2d 612) (1975). There is no contention by the State that a prima facie case for appellants' defense of justification had not been made. If such a prima facie case was made, then evidence of the alleged victim's general reputation for violence was admissible. Accordingly, the juvenile court erred in refusing to allow witnesses other than appellants to testify as to that general reputation.

The State urges that the error was harmless because some testimony bearing on the victim's general reputation for violence was admitted. See generally *Bennett v. State*, 254 Ga. 162, 165 (3a) (326 SE2d 438) (1985). The record does show that evidence of the victim's general reputation was admitted on one occasion. However, the record

also shows that, when the issue of the relevancy of such testimony had first been raised, the juvenile court stated that, although appellants were free to question one of their witnesses about the victim's general reputation for violence, the response to that question would have no "significance." Accordingly, although testimony with regard to the victim's general reputation for violence may have been admitted, it cannot be said that the juvenile court, sitting as the trior of fact, considered it. It would appear that, rather than the erroneously excluded testimony being cumulative of the testimony that was admitted, the properly admitted testimony was erroneously considered as cumulative of that which was excluded. Under these circumstances, it cannot be said that it is highly probable that the error did not contribute to the ultimate finding that appellants had committed delinquent acts rather than acts of self-defense. Appellants are entitled to a new hearing wherein all relevant evidence will be admissible and properly considered by the trior of fact.

3. Appellant J. R. F. enumerates as error the finding that she committed the act of criminal damage to property in the second degree. Assuming without deciding that the evidence authorized a finding that the victim's property was intentionally damaged by appellant J. R. F., it did not authorize a finding that the damage exceeded $100. See generally *Johnson v. State*, 156 Ga. App. 411, 412 (2) (274 SE2d 778) (1980). Accordingly, the finding that appellant J. R. F. was delinquent on this ground must be reversed.

*Judgments reversed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 23, 1987.

*Victor C. Hawk*, for appellants.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.