## A91A0241. MASON v. THE STATE.
(405 SE2d 747)

BIRDSONG, Presiding Judge.

Talbert Eugene "Gene" Mason appeals his conviction of voluntary manslaughter. He contends his conviction is not supported by the evidence and that he was denied the effective assistance of defense counsel. *Held*:

1. Mason was tried for the malice murder of Joan Mason, but was convicted of voluntary manslaughter. He alleges his conviction was based on circumstantial evidence which was insufficient to exclude every other reasonable hypothesis but that of his guilt..

On appeals from guilty verdicts the presumption of innocence no longer prevails; the jury has determined the credibility of witnesses and has been convinced of the appellant's guilt beyond a reasonable doubt; and appellate courts review the evidence only to determine whether it is sufficient to support the finding of guilty. *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131). Further, appellate courts review the evidence in a light most favorable to the jury's verdict (*Watts v. State*, 186 Ga. App. 358 (366 SE2d 849)), and do not speculate about what evidence the jury chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498).

Although a conviction based on circumstantial evidence is authorized only if the "proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused" (OCGA § 24-4-6), if the evidence meets this test, circumstantial evidence is as probative as direct evidence. *Christmas v. State*, 171 Ga. App. 4, 7 (318 SE2d 682). "Whether this burden has been met is a question for the jury." *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546).

When the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. *Pattillo v. State*, 250 Ga. 510, 512 (299 SE2d 710); *Jones v. State*, 165 Ga. App. 36, 38 (299 SE2d 576). Viewing the evidence in this appeal in a light most favorable to the verdict shows the jury was authorized to conclude that the victim had visited Mason's home contrary to his instructions; when Mason learned of this he got mad and left; Mason told investigators and others he took the victim to the Atlanta airport and they spent the night in a certain motel, but the records of the motel showed Mason did not stay there as he alleged; Mason told people he had borrowed money for the victim's trip, but the evidence showed the money was borrowed after Mason allegedly took his wife to Atlanta; the victim did not tell her daughters she was leaving on a trip; Mason never called the victim's parents' home to find out if she ever arrived there at any time after she allegedly left; Mason told the sheriff he would send legal papers to the victim, but never called where she was allegedly staying to deliver the papers; Mason never reported the victim as missing to any law enforcement agency; after Mason knew the victim was not with her parents, he told investigators she was there; Mason changed the electric company account from the victim's name to his after she supposedly left on the trip; Mason's brother told a witness

that he had buried the victim's body for Mason; before the discovery of the victim's body Mason told another witness he had killed one person and gotten away with it; Mason lied about speaking with the victim long after expert testimony established the approximate date of her death; Mason gave various accounts for the victim's absence which conflicted with the fact of her death; and the forensic pathologist testified that the victim had been buried for about one year when the body was found and the victim's body showed signs she had been manually strangled and had received a skull fracture near the time of death.

Although some of the State's witnesses at trial recanted some of the statements attributed to them, the jury was not required to believe their trial testimony. In particular, Mason's brother's testimony was not inconsistent with Mason's guilt.

We conclude that from this evidence the jury rationally could have found that every reasonable hypothesis was excluded except that Mason was guilty of the voluntary manslaughter of the victim. Although the circumstantial evidence must exclude every other reasonable hypothesis save Mason's guilt, it need not exclude every inference or hypothesis. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Accordingly the trial transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Mason was guilty of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Mason contends that he was denied his right to the effective assistance of counsel because his trial defense counsel conducted an inadequate pretrial investigation which caused the defense counsel to cross-examine ineffectively the State's witnesses and call rebuttal witnesses. The United States Supreme Court in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674), established a two-step test to resolve ineffective assistance of counsel claims such as this. When challenging his defense counsel's effectiveness, an appellant must establish that his counsel's performance was deficient and that the deficient performance prejudiced his defense (*Brown v. State*, 257 Ga. 277, 278 (357 SE2d 590)), and he must show that there is a reasonable probability that the result of the proceedings would have been different but for his counsel's unprofessional deficiencies. *Baggett v. State*, 257 Ga. 735 (363 SE2d 257). Moreover, he must overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (344 SE2d 485). The failure to establish either element of the test will result in the denial of his claim. *Thompson v. State*, 191 Ga. App. 906 (383 SE2d 339).

In this appeal, Mason's allegations rest upon his trial defense counsel's admission that his pretrial investigation relied almost exclusively upon information made available to him by the State. While

such conduct is generally unacceptable, we must consider the facts of this particular appeal. Mason's defense counsel was the former district attorney who served in that capacity for many years. As a consequence of that long service, he apparently had developed rapport with the sheriff and other law enforcement officials which resulted in apparent total access to the investigative files on the case and access to the investigating officers. Further, as a long-time resident of the area, counsel knew personally almost all of the witnesses who were called to testify and ultimately many of the witnesses called by the State were supportive of the defense in their testimony

Nevertheless, pretermitting the question of whether this performance by Mason's trial defense counsel was deficient within the meaning of *Strickland* is whether Mason established there is a reasonable probability that the outcome of this case would have been different but for the performance of his counsel. In our examination of the record and transcript in this appeal in their totality, we find that Mason failed to establish there was a reasonable probability that the outcome of Mason's case would have been different within the meaning of *Strickland*. In particular, the transcript does not show that Mason's trial defense counsel's cross-examination of the State's witnesses was significantly hampered by his failure to personally re-interview these witnesses and we do not find significant the failure to call a witness to testify that he believed he saw the victim alive after her disappearance and that Mason showed him a photograph of the victim to see if the person he saw was the victim. The medical evidence clearly showed that the supposed sighting of the witness was after the time of her death, and Mason's actions were not inconsistent with his other attempts to convince people that she was alive after her death such as by saying that Mason had recently talked to her on the telephone. Further, we note that Mason's trial defense counsel filed numerous pretrial motions and otherwise conducted an active defense which undoubtedly had some part in Mason only being convicted of the lesser offense of manslaughter rather than malice murder as charged. Accordingly, we find that Mason has failed to establish that his trial defense counsel's performance was ineffective.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 13, 1991.

*Bruce S. Harvey*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.