A93A2104. CARTER v. THE STATE.
(441 SE2d 100)

SMITH, Judge.

Timothy Carter was convicted by a jury of four counts of criminal damage to property in the first degree, OCGA § 16-7-22 (a). Each count represents an offense against a different person in an apartment unit at the time shots were fired indiscriminately into the unit by Carter. He appeals, enumerating the denial of his motions for directed verdict on all four counts. Carter concedes that his two enumerations raise a single issue dealing with the scope of the statute under which he was convicted.

"A person commits the offense of criminal damage to property in the first degree when he . . . [k]nowingly and without authority interferes with any property in a manner so as to endanger human life. . . ." OCGA § 16-7-22 (a). It is stipulated that the four persons whose lives were endangered by Carter's actions were tenants, rather than owners, of the apartment at which Carter fired shots. Carter asserts that to support a conviction under OCGA § 16-7-22 (a), it is essential that the human life endangered must be that of the owner of the property.

Carter relies solely on *Bembry v. State*, 155 Ga. App. 847 (273 SE2d 208) (1980) for the proposition that criminal damage to property is an offense against ownership. This is incorrect. *Bembry* deals with the proper meaning and scope of "damage" under the predecessor to OCGA § 16-7-23 (a) (1) (criminal damage to property in the second degree) and nothing more.

Criminal damage to property in the first degree is a crime against *the State* involving the unauthorized interference with property in a manner that endangers human life. OCGA § 16-7-22 (a) does not expressly or impliedly qualify or limit in any way the scope of the term "human life" as used therein. Carter's position is clearly without sup-

port and utterly without merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 18, 1994.

*William V. Hall, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Giornelli, Assistant District Attorney*, for appellee.