A97A2323. WALDROP v. THE STATE.
(498 SE2d 337)

BEASLEY, Judge.

After a jury trial, judgment was entered against Waldrop for criminal damage to property in the second degree. Proof showed that he stopped his pickup truck in a vacant area, got out, and fired several rounds from a pistol into three out-of-service transformers owned by Georgia Power Company. Wilhite, a Georgia Power senior security investigator, testified that the damaged transformers were leaking coolant; that a team of Georgia Power employees was dispatched to clean up the mess; and that replacing the damaged transformers, which were not in service, would cost over $4,000. Wilhite also authenticated Georgia Power business records showing that the clean-up operation cost over $1,000.

Waldrop's second enumeration of error requires reversal of the judgment and a new trial.

Given the evidence produced at Waldrop's trial, he was entitled to his requested charge on the lesser included offense of criminal trespass, a misdemeanor prohibited in OCGA § 16-7-21. The reason is that the value of the property damaged was not proven beyond a reasonable doubt to exceed $500. This fact is an element of criminal

damage to property in the second degree, OCGA § 16-7-23 (a) (1).

Waldrop did not seek a directed verdict but only the charge on the lesser offense. He would have been entitled to a directed verdict on the charged offense because of the absence of evidence of value, but since the sufficiency of the evidence is challenged by his first enumeration of error, reversal is demanded. The standard for granting such a motion and for testing sufficiency on appeal is the same. *Noble v. State*, 225 Ga. App. 470 (484 SE2d 78) (1997).

The expense to the owner of the damaged property for labor in dealing with the damage is not the element which must exceed $500 and cannot be used as a substitute for the value of the damage to the property. No precedent is given for this expansion of the meaning of the statute. *Seaboard Air-Line R. Co. v. Smith*, 3 Ga. App. 644, 648 (60 SE 353) (1908), and *Bembry v. State*, 155 Ga. App. 847 (1) (273 SE2d 208) (1980), as well as numerous other cases on the subject of value of the damage, focus on the tangible damaged property itself. That is simply because the crime in its essence is "criminal damage to property," OCGA § 16-7-23 (a), not total expenses of the owner in connection with property damage.

Proof of the value may be shown in a number of ways. The owner's testimony stating the cost of repair to the property plus photos of the damaged item is sufficient. *Holbrook v. State*, 168 Ga. App. 380 (1) (308 SE2d 869) (1983); *Van Voltenburg v. State*, 138 Ga. App. 628 (1) (227 SE2d 451) (1976). The owner's testimony giving the original cost of the item, its age, and its zero value as useless in the damaged condition is also sufficient, "within the contemplation of the statute." *Russell v. State*, 188 Ga. App. 167, 168 (1) (372 SE2d 445) (1988) (physical precedent).

On the other hand, the owner's opinion of the value, without the reasons supporting this opinion, has no probative value. *Hildebrand v. State*, 209 Ga. App. 507, 508 (1) (433 SE2d 443) (1993); *Johnson v. State*, 156 Ga. App. 411 (274 SE2d 778) (1980), cert. denied, 451 U. S. 989 (101 SC 2327, 68 LE2d 848) (1981); *Loethen v. State*, 158 Ga. App. 469, 470 (1) (280 SE2d 878) (1981); *Holbrook*, supra at 381 (1). As stated in *Loethen*, supra at 470, "[I]n order to express a competent opinion as to the value of an item, a non-expert must show that he has sufficient information upon which to base such an opinion."

In keeping with the Code, the indictment charged that Waldrop "did intentionally damage . . . three power transformers . . . and said damage exceeds $500." In its direct examination of Wilhite, who was the only witness on the issue of value, the State elicited a description of the damage, the function of transformers, and the "monetary loss" to the owner, the latter through a business record of the owner made to show the expenses and for billing purposes. The document itemizes labor expenses, miscellaneous and material expenses, and vehi-

cle and equipment expenses. The three transformers are shown as costing $927.28 each. The investigator "understood" that the transformers "went for salvage . . . or to be disposed of." But he did not know how old they were or their condition other than that they had the bullet holes in them. He had seen them in their damaged condition still in their original location on top of the poles and agreed that they could have been new or as old as 20 years.

He acknowledged that transformers are replaced from time to time in the course of maintenance. He further testified that these transformers were not in use because the residences which they had served were removed when the property was purchased for eventual development as an airport runway. He did not know what is done with such transformers when they are no longer needed but, he said, "I can assume that some would be recycled, used somewhere else, and some would be put out of service." It would depend on the condition of the transformer. He did not know the condition of these three damaged ones.

The evidence does include two photographs of the damaged transformers up on the poles. One photo shows one transformer and the other photo is a closer view, showing three transformers two of which have holes. But these photos do not fill in the gap left by the investigator's testimony as to the value of the damage. For example, the price of new transformers may have been the value, if the transformers were reduced by the shooting to salvage value and that was zero. On the other hand, they may have been repairable at some specific cost below $500 and reusable.

The evidence is absent. And as in *Hildebrand*, supra at 508 (1), "there was no competent evidence from which the jury could determine that the value of the damage for which defendant was responsible was in excess of $500, an essential element of the indicted crime." The same type impediment to conviction which exists in Waldrop's case was also found in *Bereznak v. State*, 223 Ga. App. 584 (1) (478 SE2d 386) (1996). As stated there, proof of cost alone is insufficient; it must be coupled with evidence of the item's condition before and after the damage.

Consequently, Waldrop was entitled to a jury charge on criminal trespass, which requires only that there be proof that a defendant "intentionally damage[d] any property of another [without his consent] and the damage thereto is $500.00 or less or knowingly and maliciously interfere[d] with the possession or use of the property of another person without [his] consent." OCGA § 16-7-21 (a).

Since the jury was not instructed to consider criminal trespass, and since the evidence does not support the conviction, the judgment is reversed.

*Judgment reversed. Andrews, C. J., Birdsong, P. J., Smith and*

*Ruffin, JJ., concur. McMurray, P. J., and Eldridge, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent. Defendant Waldrop was convicted by a jury of the offense of criminal damage to property in the second degree. This conviction is supported by proof that defendant stopped his pickup truck in a vacant area, exited the vehicle, and fired several rounds from a pistol into three out-of-service transformers owned by Georgia Power. Company. Billy Wilhite, a Georgia Power security investigator, testified that the damaged transformers were leaking coolant; that a team of Georgia Power employees was dispatched to clean up the mess, and that, although the damaged transformers were not in service, replacing them would cost over $4,000. Mr. Wilhite also authenticated Georgia Power business records showing that the clean-up operation cost over $1,000.

1. Defendant contends the evidence is insufficient to support his conviction for criminal damage to property in the second degree because the State failed to prove that the damage to Georgia Power's transformers exceeded $500, an essential element of the crime under OCGA § 16-7-23 (a) (1).

I do not believe that proof of damage to Georgia Power's transformers is the controlling issue in the case sub judice. " ' "(D)amage to personal property [under OCGA § 16-7-23 (a) (1)] means all injuries which one may sustain in respect to his ownership of personal property." ' *Seaboard Air-Line R. Co. v. Smith*, 3 Ga. App. 644, 648 (60 SE 353) (1907)." *Bembry v. State*, 155 Ga. App. 847 (1) (273 SE2d 208). In the case sub judice, Billy Wilhite authenticated a business record (which was admitted into evidence without objection) indicating that Georgia Power expended over $1,000 in labor expenses to clean the mess precipitated by defendant's criminal act. It is my view that this evidence, even without proof as to the cost of damage to Georgia Power's transformers, authorizes the jury's finding, beyond a reasonable doubt, that defendant's criminal acts caused damage in excess of $500 in violation of OCGA § 16-7-23 (a) (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant also challenges the sufficiency of the evidence, arguing that the State's circumstantial proof that he committed criminal damage to property in the second degree does not exclude his explanation and the reasonable hypothesis that a passenger in defendant's truck shot Georgia Power's transformers. Defendant asserts that his explanation is not only consistent with the proved facts, but is also supported by a physician's testimony that defendant is too weak to aim and fire a pistol.

" 'Although a conviction based on circumstantial evidence is authorized only if the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable

hypothesis save that of the guilt of the accused (OCGA § 24-4-6), if the evidence meets this test, circumstantial evidence is as probative as direct evidence. Whether this burden has been met is a question for the jury. When the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law.' (Citations, punctuation and indention omitted.) *Mason v. State*, 199 Ga. App. 691, 692 (1) (405 SE2d 747) (1991)." *Harris v. State*, 223 Ga. App. 661 (478 SE2d 458).

While a physician opined in the case sub judice that defendant is too weak to aim and fire an unsupported pistol, this doctor admitted on cross-examination that it is not impossible for defendant to fire a pistol. Further, an arresting officer testified that he observed defendant at the crime scene sitting alone in the driver's seat of a pickup truck; that he observed liquid leaking from bullet holes in Georgia Power's nearby transformers; that he found a pistol in the seat next to where he observed defendant sitting, and that he observed pistol shell casings on the ground outside the driver's side of defendant's truck. This officer also testified that he observed no other person at the crime scene; that a search of the area revealed no evidence of any other person, and that a pile of debris next to the passenger's door inside the truck's cab indicated to the officer that no person had recently exited defendant's truck. I believe this evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of criminal damage to property in the second degree. *Jackson v. Virginia*, 443 U. S. 307, supra. See *Johnson v. State*, 208 Ga. App. 747, 748 (1) (431 SE2d 737).

3. I also do not believe the trial court erred in denying defendant's request to charge on the lesser included offense of criminal trespass because there is no proof refuting the State's evidence that Georgia Power expended over $1,000 to clean up the mess precipitated by defendant's criminal acts. *Moses v. State*, 264 Ga. 313, 315 (2) (444 SE2d 767).

I am authorized to state that Judge Eldridge joins in this dissent.

DECIDED MARCH 12, 1998

*David J. Walker, Sr., Thomas J. Ousley*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.