A99A1720. IN THE INTEREST OF M. C., a child.
A99A1721. IN THE INTEREST OF M. W., a child.
(521 SE2d 900)

McMURRAY, Presiding Judge.

In connection with petitions alleging their delinquency for acts which, if committed by an adult, would constitute the offense of criminal damage to property in the second degree, the children M. C. and M. W. stipulated they participated in an unlawful entry to vacant residential property where intentional property damage was committed, but contested the contention that property damage caused thereby exceeded $500. Viewed in the light most favorable to the juvenile court's adjudications of delinquency, the evidence of damage

to property was as follows:

A third child, S. V., used to live in the house at issue. She had no key but climbed in a window and opened the garage. Once inside, the children found crayons and began writing on the walls, which was "all right because since [S. V.'s family] were moving out, they [the owners] were going to fix the house up." Timothy Eugene Tise, owner of the property at 435 Sherwood Oaks Road, described the damage done during this incident: Writing on the wall, from tic-tac-toe to obscenities; the sliding glass rear door had been jimmied, and there was wet paper in the sinks, where someone "tried to fill the sinks with water where it would overflow. . . ." Water was dripping from the ceiling and blinds were torn down. Mr. Tise conceded there was pre-existing tenant damage but showed photographs depicting the subsequent damage caused during the instant unlawful entry "separate and above" any existing damage. Although Mr. Tise has spent close to $3,000 in anticipation of selling the house, he confirmed it "cost [him] a total of $780.00 to fix the damage from this [particular incident]."

The juvenile court ordered restitution in the amount of $780, with M. C. and M. W. to pay a pro rata share of $260. From these dispositional orders, M. C. and M. W. appealed separately, each raising a single identical enumeration of error arguing the sole evidence of damage is nonprobative hearsay. The appeals are hereby consolidated. *Held*:

In order to sustain an adjudication of delinquency for acts which, if committed by an adult, amounted to criminal damage to property in the second degree as proscribed by OCGA § 16-7-23 (a) (1), the State was obliged to offer sufficient probative evidence allowing a rational trier of fact to conclude that M. C. and M. W., as parties to the crime, intentionally caused damage in excess of $500 to property of another without the owner's consent. *In the Interest of A. F.*, 236 Ga. App. 60 (1) (510 SE2d 910). Although there is evidence in the case sub judice that the $780 damage figure *originated* as an estimate made by the owner's contractor, who did not testify, nevertheless at the dispositional hearing, Mr. Tise, the owner, testified he had in fact already paid $3,000, of which, $780 went to repair the damages caused by this incident. When the witness testifies as to what he has actually paid as the monetary amount necessary to make his property whole again, he is not thereby stating his opinion as to value or damage, but is relating a fact based upon his personal knowledge. *Van Voltenburg v. State*, 138 Ga. App. 628 (1), 629 (227 SE2d 451). From this established fact and from the photographs described in the record, the juvenile court had sufficient competent evidence to determine that the damage M. C. and M. W. intentionally caused was in excess of $500. *Holbrook v. State*, 168 Ga. App. 380 (1),

381 (308 SE2d 869).
  *Judgments affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 1999.

*M. Muffy Blue*, for appellant.
  *Jonath A. Morrow, Solicitor, Lori B. Duff, Assistant Solicitor*, for appellee.