**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 22, 2019**

# In the Court of Appeals of Georgia

A19A1456. MOTES v. THE STATE.

BROWN, Judge.

Dewayne Motes appeals from the denial of his amended motion for new trial following his conviction for aggravated cruelty to animals, criminal damage to property in the second degree, battery, and criminal trespass.[1] In his sole enumeration of error on appeal, Motes contends that because the State failed to prove the amount of damage to the victim's automobile, insufficient evidence supports his conviction for criminal damage to property in the second degree. For the reasons explained below, we disagree and affirm.

---

[1] The jury returned a not guilty verdict for aggravated assault and possession of a firearm during the commission of a felony. The State dead docketed a count of possession of a firearm by a convicted felon.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence nor determine witness credibility, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

*Taliafero v. State*, 319 Ga. App. 65, 66 (1) (734 SE2d 61) (2012) (citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979)). A jury's verdict will be upheld so long as there is "some competent evidence, even though contradicted, to support each fact necessary to make out the State's case." (Punctuation omitted.) *Hartlzer v. State*, 332 Ga. App. 674, 676 (1) (774 SE2d 738) (2015).

The State charged Motes with criminal damage to property in the second degree for "intentionally damag[ing the victim's] automobile . . . by shooting into said automobile, said damage exceeding $500.00. . . ." Viewed in the light most favorable to the verdict, the evidence shows that during an altercation between the victim on one side and Motes and his two adult sons on the other, one of Motes' sons approached the victim's automobile, in which the victim's dog was enclosed. The son fired four shots into the automobile, shattering its rear driver-side window, and killed

2

the dog. Photographs admitted into evidence show damage to the window, as well as the deceased dog amidst glass and blood on the back seat. The victim testified as follows regarding the damage to his automobile:

> Q. Was there any damage to the car when Matthew shot the dog?
> A. The windows were shot out.
> Q. Were the windows intact prior to Matthew shooting them?
> A. They were.
> Q. Do you recall how much it cost to get that car fixed?
> A. It was 1600 less than 400, so they cut a check for like 12 and change.

OCGA § 16-7-23 (a) provides that "[a] person commits the offense of criminal damage to property in the second degree when he . . . [i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00." The value of the damage to the property "may be established by several means." *Spann v. State*, 250 Ga. App. 354, 355 (551 E2d 755) (2001).

> For example, a lay witness may give opinion testimony as to such value, subject to stating the factual predicate on which the opinion is based or otherwise showing that he or she had the opportunity to form a reliable opinion. Alternatively, the cost of an item may be sufficient to show the value of damage to everyday items if supported by other evidence showing the before and after condition of the item. Additionally, evidence of the cost to repair an item may also suffice.

3

(Citations and punctuation omitted.) *Wynn v. State*, 344 Ga. App. 554, 556 (811 SE2d 53) (2018).

We find no merit in Motes' contention that evidence of the total amount to repair the automobile provides insufficient evidence of damage exceeding $500 because labor costs must have been included in this total amount and labor cannot be used to show the total amount of damage. As we have previously explained, however, "the expenses incurred by the owner of the damaged property *for the owner's labor in dealing with the damage* cannot be used as a substitute for the value of the damage to the property and thus cannot be considered in determining whether the damage exceeds $500." (Citation and punctuation omitted; emphasis in original.) *Clement v. State*, 324 Ga. App. 39, 44 (749 SE2d 41) (2013) (physical precedent only). Here, on the other hand, there was no evidence that the amount to repair the car included the owner's own labor. Compare id. (labor expenses of AT&T to repair cut telephone line could not be considered); *Waldrop v. State*, 231 Ga. App. 164, 164-166 (498 SE2d 337) (1998) (Georgia Power's labor cost to clean up leaking coolant from out-of-service transformers could not be used to prove damage to transformers in excess of $500).

4

Motes also argues that the State presented insufficient evidence from which the jury could determine the cost to repair the window because the victim testified about the total expense to repair his car rather than the window. We disagree. The victim testified that the damage to the car was the window, that the window was intact before the incident, and that it cost more than $500 to repair the car. The victim did not identify any additional damage to the car other than the window in his testimony, which would therefore allow the jury to infer that the cost to repair the car was the same as the cost to repair the window. This Court has repeatedly held that the State has met its burden when it submits evidence of the cost to repair the property in conjunction with photographs of the damage. See *Elsasser v. State*, 313 Ga. App. 661, 662 (1) (722 SE2d 327) (2011); *Holbrook v. State*, 168 Ga. App. 380, 380-381 (1) (308 SE2d 869) (1983). "[W]hen [a] witness pays the monetary amount necessary to make his property whole again, he thereafter is not stating his *opinion* as to the value, but is stating a *fact*. [Cit.]" (Emphasis in original.) *Holbrook*, 168 Ga. App. at 380 (1). In this case, the State presented testimony from the victim that the damage to his car was the shot-out window and that the "cost to get th[e] car fixed" exceeded $500.00, as well as a photograph showing the damaged window. We find this evidence

5

sufficient to support Motes' conviction of criminal damage to property in the second degree.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*