## 60161. KENDRICK v. THE STATE.

SMITH, Judge.

The appellant, L. D. Kendrick, was convicted by a jury and sentenced for theft by receiving stolen property in what appears to have been cattle rustling. He alleges that one juror should have been disqualified for favor and that the trial court erred in letting the state put his character in issue. We affirm.

One juror resided next door to the District Attorney. The District Attorney had cautioned the juror that there should be no communication between them concerning cases. On the evening before trial, the District Attorney borrowed an edger from the juror's father. The juror came out and volunteered instruction on how to use the edger. There was no reference to the pending trial or any matter before the court.

The trial court conducted an evidentiary hearing concerning the

exchange between the District Attorney and the juror. He made a determination that the juror was qualified and impartial and there is no evidence to the contrary. Appellant's motion to strike the juror from service for cause was denied. After the hearing, both the state and the appellant exhausted their peremptory challenges before the juror was called. The juror was not stricken. The appellant has shown no harm to himself, *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966), and we find no basis upon which to reverse the ruling of the trial court. *Garrett v. State,* 153 Ga. App. 366, 370 (265 SE2d 304) (1980). We find this enumeration to be without merit.

In the appellant's other enumeration, he alleges "The trial court erred in failing to sustain Appellant's objection to testimony solicited by the State which put Appellant's character in issue in violation of Ga. Code Ann. § 38-202 and his right of a fair and impartial trial."

Over a three month period, the victim, Mr. Wingard, was missing numerous cows. During the same period, the appellant was selling cows at two nearby livestock auctions. Some of the cows were identified as being stolen from Mr. Wingard. The cows were traced by cash receipts from the sales barns to the appellant.

Appellant's knowledge that the cows were stolen and his intent to deprive their owner of them were issues in his trial. Evidence which incidentally may place a criminal defendant's character in issue is admissible if independently relevant, such as to show knowledge, motive, plans, intent, scheme or identity. *Hanson v. State,* 143 Ga. App. 200 (237 SE2d 699) (1977). The trial court did not err in admitting evidence of theft of cows on other occasions and other cow sales by the appellant. *Harden v. State,* 81 Ga. App. 638 (59 SE2d 563) (1950).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 1, 1980 — DECIDED OCTOBER 7, 1980.

*C. B. King,* for appellant.
*Gary Christie, District Attorney,* for appellee.