## 73665. GILL v. THE STATE.
(359 SE2d 163)

CARLEY, Judge.

Appellant was tried before a jury on an indictment charging him with one count of theft by taking of a motor vehicle. Appellant denied participation in the actual commission of the crime. He did, however, admit that he was a passenger in the stolen vehicle and had abandoned the car and fled the scene after the police had undertaken pursuit. The jury found appellant guilty as charged. Appellant appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Defense counsel adduced testimony during the cross-examination of the victim which showed that another of the victim's cars had been stolen by appellant on a previous occasion. Thereafter, the district attorney undertook on redirect examination of the victim to demonstrate the similarity between the prior and the instant theft. In his closing argument, the district attorney commented on appellant's commission of the prior offense, stating that the jury "could consider that" in determining whether appellant's flight was consistent with his guilt or innocence in the instant case. Appellant moved for a mistrial, asserting that the district attorney's argument was improper. The trial court did not grant appellant's motion and did not give immediate curative instructions. The trial court's failure to take any ameliorative action is enumerated as error.

"Where counsel in the hearing of the jury makes statements of prejudicial matters *which are not in evidence*, it is the duty of the court to interpose and prevent the same." (Emphasis supplied.) OCGA § 17-8-75. Here, the topic of appellant's prior theft was introduced by his own counsel and there can be no complaint that the State subsequently pursued the topic. See generally *O'Neal v. State*, 239 Ga. 532, 533 (2) (238 SE2d 73) (1977). Evidence of appellant's commission of another similar theft of an automobile was relevant and admissible in this case. See generally *Brown v. State*, 164 Ga. App. 118 (296 SE2d 415) (1982). It would be relevant to appellant's

knowledge that the car was stolen and to his intent to deprive the victim of his property. See generally *Kendrick v. State*, 156 Ga. App. 27, 28 (274 SE2d 78) (1980). "Since evidence of a similar crime was admitted properly, . . . it was not error to argue that such evidence could be considered in establishing guilt. [Cit.]" *O'Neal v. State*, 170 Ga. App. 637, 638 (2) (318 SE2d 66) (1984). " 'Counsel is permitted, in the sound discretion of the [trial] court, to argue all reasonable inferences and deductions which may be drawn from the evidence. . . .' [Cit.]" *Bryant v. State*, 164 Ga. App. 555, 557 (3) (296 SE2d 792) (1982). "In the absence of a demonstration that a mistrial was essential to the preservation of appellant's right to a fair trial, it was not an abuse of the trial court's discretion to deny [appellant's] motion for mistrial, even where no curative instructions were given. [Cit.]" *O'Neal v. State*, 170 Ga. App. at 638 (2), supra. See also *Simonton v. State*, 151 Ga. App. 431 (1) (260 SE2d 487) (1979).

2. Appellant's second enumeration of error is controlled adversely to him by our decision in Division 1 of this opinion. There was no error.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 8, 1987 —
REHEARING DENIED JULY 1, 1987.

*R. M. Guttshall III*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.