A89A1870. MARSHALL v. THE STATE.
(387 SE2d 602)

SOGNIER, Judge.

Elester Marshall was indicted on four counts and convicted on three of those counts for armed robbery, aggravated assault, and possession of a firearm by a convicted felon. The trial court directed a verdict of acquittal on the fourth count, and on appellant's motion for new trial vacated appellant's conviction for aggravated assault. He appeals.

At trial, Clara Kinseth testified that she was the manager of a convenience store in Laurens County, and that on the evening of April 28, 1988, a man whom she identified as appellant entered the store armed with a pistol and demanded she give him money from the cash register. Kinseth testified that when she told appellant everything that he was doing was being recorded, appellant fired several shots at a monitor right behind her. Kinseth then told appellant she was going to call the police, at which point appellant jumped over the counter, jerked out the telephone and the monitor, and struck Kinseth twice with the pistol. Appellant then grabbed several handfuls of $5 and $10 bills and ran away when a customer entered the convenience store. Kinseth testified she had seen appellant at the store before and was "fairly sure" of appellant's identity when she viewed photographs presented to her by the police, but was certain he was the perpetrator of the crimes after selecting him from a police line-up and seeing him in the courtroom during trial.

Also adduced at trial was evidence that appellant, after question-

ing by police, led the police to a .22 caliber pistol under a shed on premises owned by a friend of appellant's. A ballistics expert testified that a bullet fired in the convenience store robbery was probably fired from the pistol the police recovered, though damage to the bullet prevented the expert from stating it was definitely fired from that weapon.

A certified copy of appellant's prior conviction on five counts of forgery was admitted into evidence.

1. We find this evidence sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses of armed robbery and possession of a firearm by a convicted felon. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by allowing the charge of possession of a firearm by a convicted felon to be tried along with the charges of burglary and aggravated assault because the evidence of appellant's prior conviction would have influenced the jury against him, citing *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984). However, since the trial court directed a verdict in appellant's favor on the burglary charge, and appellant's conviction on the aggravated assault charge was later vacated by the trial court, we find no merit in this argument since any error was harmless. See generally *Royal v. State*, 189 Ga. App. 756, 758 (377 SE2d 526) (1989).

3. The State introduced evidence of appellant's prior conviction without objection to establish one of the elements for the charge of possession of a firearm by a convicted felon. *Favors v. State*, 182 Ga. App. 179, 180 (2) (355 SE2d 109) (1987). Thereafter, during direct examination appellant testified that he had committed forgery and was a convicted felon. The prosecutor referenced the prior conviction during closing arguments, and defense counsel's objection was overruled by the trial court on the basis that the prosecutor was entitled to argue any evidence admitted by the court. Although appellant's counsel preserved his objection on the record, no other motions were made.

"Where counsel in the hearing of the jury make statements of prejudicial matters *which are not in evidence*, it is the duty of the court to interpose and prevent the same." (Emphasis supplied.) OCGA § 17-8-75. The topic of appellant's prior forgeries having been raised by his own counsel on direct examination and the evidence of appellant's prior conviction having been admissible to establish the elements of OCGA § 16-11-131 (b), we find no error in the trial court's ruling. See *Gill v. State*, 183 Ga. App. 481-482 (1) (359 SE2d 163) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1989.

*Larsen & Flanders, H. Gibbs Flanders, Jr.,* for appellant.
*Ralph M. Walke, District Attorney, Tyson Blue, Assistant District Attorney,* for appellee.