A90A1849. JONES v. THE STATE.
(401 SE2d 299)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of the sale of cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant's sole contention on appeal is that the trial court erred in permitting counsel for the State to engage in allegedly improper closing argument. This contention necessitates an examination of "each portion of the allegedly objectionable argument in the context of the facts and the issues created by those facts." *Cooper v. State*, 178 Ga. App. 709, 711 (3) (345 SE2d 606) (1986).

The first objection was to a reference to the clothing worn by the undercover agent. Appellant contended that there was no evidence to authorize argument based upon the agent's clothing. The record clearly shows, however, that such evidence was adduced. Thus, there was no error in overruling this objection. See *Marshall v. State*, 193 Ga. App. 314, 315 (3) (387 SE2d 602) (1989).

Counsel for the State subsequently intimated that the agent had to dress in a certain type of clothing because he could not otherwise make drug transactions. Appellant again objected based upon a lack of evidence to support such argument. It is true "that counsel cannot be permitted in argument to state facts which are not in the record. But it is an entirely different matter to draw deductions from the evidence or, where illustrative of an issue, the lack of it. The fact that a deduction may be illogical, unreasonable or even absurd, is a matter for reply by adverse counsel and not rebuke by the court. [Cit.]" *Cooper v. State*, supra at 711-12 (3). From the evidence, it was not impermissible for counsel for the State to draw the inference that the

agent's clothing was a factor in the success of his undercover investigations.

In another instance, appellant objected that counsel for the State was trying to inflame the minds of the jury. However, the record clearly reflects that the "comments constituted a fair response to the argument of the appellant's counsel." *Taylor v. State*, 183 Ga. App. 314, 316 (8) (358 SE2d 845) (1987). Accordingly, appellant's objection to the argument itself was without merit. However, in responding to appellant's objection, counsel for the State stated that he was trying to "prejudice" the jury in favor of the State's case and against appellant and this prompted a motion for mistrial. We do not encourage the use of the word "prejudice" in a discussion of the objective of a closing argument. Nevertheless we recognize that counsel for the State is entitled to emphasize the evidence which will authorize a conviction and to attempt to discredit the exculpatory evidence upon which the defendant relies. *Taylor v. State*, supra at 316 (8); *Spivey v. State*, 253 Ga. 187, 189 (3a) (319 SE2d 420) (1984). Indeed, as the trial court subsequently noted, regardless of how counsel for the State may choose to characterize his role, he is first and foremost an advocate who is attempting to persuade the jury to return a guilty verdict rather than an acquittal. Moreover, the comment was made in reply to appellant's objection that counsel for the State was attempting to inflame the jury. "If counsel argue objections in the presence of the jury, they cannot complain when the opposite party responds with appropriate counter argument." *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251) (1990). There was no reversible error.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 31, 1990.

*Jerry M. Daniel*, for appellant.
*Richard A. Malone, District Attorney, W. Steven Askew, Assistant District Attorney*, for appellee.