A90A1721. LEWIS v. THE STATE.
(403 SE2d 814)

COOPER, Judge.

Appellant and his co-defendant were convicted by a jury of armed robbery.

1. Appellant first contends that the trial court erred in denying his motion for new trial because the verdict was against the weight of the evidence. The evidence construed in favor of the verdict shows that appellant and his co-defendant went to a pool hall owned by the victim and played pool. As the victim racked the balls for the third

game, the co-defendant hit him in the back of the head with an object, grabbed him around the neck, straddled his chest, choked him until he was unconscious and took a large sum of money from him. The victim recognized appellant as someone he had known for years and who had been in the pool hall on several occasions, and testified that while he was being attacked by the co-defendant, appellant stood by the end of one of the pool tables and did nothing to help the victim. Appellant testified that he did not know the co-defendant; that he picked up the co-defendant as he was hitchhiking; that the co-defendant pulled a gun on him and forced him to go to the pool hall; and that he did nothing to help the victim because he was afraid of the co-defendant. A rebuttal witness testified that on the night of the crime he was hitchhiking and was picked up by appellant. The witness further testified that he did not see a gun and that appellant and the person in the car with him appeared to be friends. " 'Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cit.]" *Lunz v. State*, 174 Ga. App. 893, 895 (1) (332 SE2d 37) (1985). Appellant and the co-defendant arrived at the pool hall together and spent time playing several games of pool. Appellant did not attempt to leave the scene while the co-defendant was strangling the victim and did nothing to assist the victim or deter the co-defendant. We find that the State's evidence was sufficient for a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the trial court's admission into evidence of a letter allegedly written by appellant to his co-defendant, which contained statements contradicting appellant's testimony at trial. A witness for appellant testified on cross-examination by the co-defendant's attorney that she was familiar with appellant's handwriting and that the letter looked like it was in appellant's handwriting but not as neat as he would write. Appellant testified that he did not write the letter. "[T]he genuineness of [a] writing may be proved by circumstantial evidence. [Cit.]" *Carter v. State*, 252 Ga. 502, 507 (10) (315 SE2d 646) (1984). One of the investigating officers testified during the State's rebuttal that when he asked appellant whether he wrote the letter, appellant admitted writing the letter. We conclude that a sufficient foundation was laid for the admission of the letter and we find no error with the admission of the letter into evidence. See *Ross v. State*, 255 Ga. 1 (4) (334 SE2d 300) (1985).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 1, 1991 —
REHEARING DENIED MARCH 15, 1991.

*Richard A. Diment*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *George F. Hutchinson III*, Assistant District Attorney, for appellee.