## A05A1391. BYERS v. THE STATE.
(623 SE2d 157)

SMITH, Presiding Judge.

Ronald Everett Byers was indicted on three counts of child molestation involving the nine-year-old daughter of his employee. The trial court directed a verdict of acquittal on one count, and a jury acquitted him of another count and found him guilty of the remaining count. He appeals following the denial of his motion for new trial.

Byers raises two enumerations of error, in which he contends that the trial court erred in giving a jury instruction on voluntary intoxication, that the prosecutor expressed personal opinions in closing argument, and that his counsel was ineffective because no objection was made to the State's closing argument. The trial court addressed all these contentions in a well-reasoned and detailed order denying Byers's amended motion for new trial. For many of the reasons already stated by the trial court, we find no merit in any of Byers's contentions on appeal, and we therefore affirm.

Construed to support the verdict, the evidence presented at trial showed that in early May 2002, after receiving an upsetting telephone call, Byers began drinking alcohol. He then called his longtime employee and friend and requested that she pick him up and take him to her home because he needed to get away and did not feel capable of driving. The employee brought Byers and his young daughter to her home, where she, her husband, and Byers continued drinking. Byers spent the night in a spare bedroom at his employee's home.

He remained there until approximately noon the next day, when he borrowed a pair of shorts from his employee's husband and joined his employee, Byers's two-year-old daughter, and the victim out on the deck. The children were playing in a small children's pool. The employee's husband was working on an addition to the home, and he passed back and forth while Byers, his employee, and the children sat on the deck during the afternoon. The adults drank several beers during the course of the afternoon.

In the late afternoon, Byers re-entered the house and sat on the end of a bed temporarily placed in the living room. Later that afternoon, to see better while watching a movie, the victim placed her head on Byers's torso. Byers testified that he fell asleep. The victim, however, testified that Byers asked her to place her head on his chest or shoulder and began touching her thigh and leg, telling her she could touch him if she wished. She testified that Byers then took her hand and tried to place it on his shorts "where his private was." According to the victim, a little later he exposed himself and again attempted to have her touch him, but she refused. The victim testified

that Byers touched her thigh "really close" to, but not on, her genital area. After Byers left, she told her grandmother and her parents what had happened.

A Georgia Bureau of Investigation agent testified that he interviewed Byers after reading him *Miranda* warnings. He testified that Byers told him the only thing he recalled was running his fingers through the victim's hair; he did not remember touching the victim's leg or trying to have her touch him. Byers told him "he did not think it happened; however, if it did, he was too drunk to recall it." Byers denied making that statement.

1. Byers contends that the trial court erred in instructing the jury on voluntary intoxication. The trial court charged the jury that voluntary intoxication under Georgia law is not an excuse for any criminal act and that if one commits a criminal act while under the influence of alcohol, "the person is criminally responsible for such acts to the same extent as if that person were sober. Whether or not the defendant in this case was voluntarily intoxicated *at or during the times alleged in this indictment* is a matter solely for you, the jury, to determine." (Emphasis supplied.)

Byers correctly points out that the indictment did not allege that he was intoxicated at any time. But neither did the trial court's instruction indicate that the indictment did so. The trial court merely instructed the jury that it must decide whether Byers was intoxicated at the *times* mentioned in the indictment, i.e., the times when the alleged criminal acts took place. Evidence was presented showing that Byers was drinking both the night before and on the day the incident occurred. Byers testified that although he "normally" did not drink the day after being intoxicated, he did so on that occasion. He also acknowledged that he told the interviewing agent that he had "probably" consumed four or five beers on that day and that he would not have driven a car. He insisted, however, that he was not "intoxicated" by his definition of the word. On cross-examination, he estimated that he drank three or four beers that afternoon. "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge." (Citation and punctuation omitted.) *Gaston v. State*, 257 Ga. App. 480, 486-487 (6) (b) (571 SE2d 477) (2002). Because some evidence was presented authorizing the jury to conclude that Byers may have been drunk when the alleged crime was committed, the charge was not erroneous.

2. Byers maintains that the State used the intoxication charge as a "red flag" to the jury that he was drunk and therefore was "an unsavory character," that the victim's parents now might question their decision "to invite this intoxicated man into their home," and that Byers had "major psychological problems." He asserts that the

injection of these issues was gratuitous because he was not charged with being drunk and intoxication was not a defense. He argues that repeated mention of psychological problems and intoxication therefore amounted to "character assassination" by using these descriptions as a "status" stripping him of any credibility. We do not agree.

"What the law forbids is the introduction of evidence into a case, by way of argument, of facts not in the record and calculated to prejudice the accused. While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence." (Citations and punctuation omitted.) *Hildebrand v. State*, 209 Ga. App. 507, 509 (3) (a) (433 SE2d 443) (1993). It is well established that "[t]he proper range of comment by counsel is a matter within the discretion of the trial court. This court will not disturb a court's ruling . . . in the absence of a manifest abuse of discretion." (Citations and punctuation omitted.) *Bowen v. State*, 203 Ga. App. 371, 374 (5) (417 SE2d 18) (1992). Here, the record shows ample evidence from which an inference or deduction may be made that Byers was drunk on the afternoon in question. The prosecutor's remarks during argument were therefore not improper.

3. Byers also contends that the prosecutor improperly expressed personal opinions of his guilt in closing argument. The prosecutor began his argument by informing the jury that he represented the interest of the state in "protecting children in this state from people like Mr. Byers." Byers asserts that in doing so, the prosecutor was guilty of "exploiting the influence of the prosecutor's office as the State's designated protector of small children" by "asserting his personal opinion" as to Byers's guilt. As the trial court pointed out, however, "the State has considerable latitude in making arguments to a jury that they are responsible for enforcing the law in order to protect the community." See, e.g., *Hines v. State*, 246 Ga. App. 835, 837 (3) (541 SE2d 410) (2000) ("prosecutor generally may appeal to the jury to convict for the safety of the community") (citations and footnotes omitted); *Tanner v. State*, 230 Ga. App. 77, 78 (3) (495 SE2d 315) (1998) (State "may entreat [jury] to consider the community's safety") (citations omitted).

Byers argues that it was error for the prosecutor to state that he *knew* that Byers molested the victim. But a prosecutor's use of phrases such as "we do know," "I do believe," and "I don't believe" during argument does not amount to an impermissible statement of personal opinion. Even a statement in argument that " 'I am asking you to find him guilty because he's guilty. He's honestly guilty' " was held not to be an impermissible expression of personal opinion. *Hildebrand*, supra, 209 Ga. App. at 509 (3) (b).

Considered in context, the most reasonable interpretation of these comments is that the prosecutor was asking jurors to draw inferences from evidence. Inferences drawn from facts adduced at trial are acceptable argument, and the fact that the inferences may have been improperly couched in the framework of a personal opinion does not render them reversible error.

(Citation omitted.) *Carr v. State*, 267 Ga. 547, 556 (7) (b) (480 SE2d 583) (1997).

Byers also complains of an illustrative analogy used by the prosecutor concerning a picture puzzle of a sailboat with some pieces missing. But "the State may argue to the jury . . . with considerable latitude in imagery and illustration." (Citation and punctuation omitted.) *Hildebrand*, supra, 209 Ga. App. at 510 (3) (b). We agree with the trial court that "figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded." (Citations omitted.) *Stancil v. State*, 158 Ga. App. 147, 148 (2) (279 SE2d 457) (1981). The trial court correctly found that the State did not exceed the bounds of permissible argument.

4. Byers's contention that his trial counsel provided ineffective assistance because she failed to object to the State's closing argument is rendered moot by our conclusions in Divisions 2 and 3 that the State's argument was proper.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED NOVEMBER 8, 2005.

*Charles M. Abbott*, for appellant.
*N. Stanley Gunter, District Attorney, William J. Langley, Assistant District Attorney*, for appellee.