## S06A1945. JACKSON v. THE STATE.
### (642 SE2d 656)

HUNSTEIN, Presiding Justice.

Carmen Jackson was convicted of malice murder, felony murder and cruelty to children in the death of her fifteen-month-old daughter, Tytanna Jackson. She appeals from the denial of her motion for new trial.[1] Finding no error, we affirm.

1. The evidence adduced authorized the jury to find that the victim was beaten so severely that her pancreas and duodenum were ruptured and that the contents of the victim's intestines leaked into her abdomen and led to her death within two to four hours due to toxic shock.[2] Expert testimony established that two to four hours was the maximum time that occurred between the injuries and the victim's death because of the absence of other indicators that would have manifested themselves had the injuries been inflicted earlier. Expert testimony also established that the victim would have begun vomiting immediately after the fatal injuries were inflicted and that the

---

[1] The crimes occurred on September 19, 1998. Jackson was indicted January 25, 2000 in Muscogee County on charges of malice murder, two counts of felony murder, aggravated sexual battery and cruelty to children. She was found guilty of malice murder, felony murder and cruelty to children on March 16, 2000 and was sentenced April 12, 2000 to life imprisonment and a concurrent 20-year term on the cruelty charge. Her motion for new trial, filed May 9, 2000, and amended April 27, 2005, was denied on April 27, 2006. A notice of appeal was filed May 24, 2006. The appeal was docketed July 26, 2006 and was submitted for decision on the briefs.

[2] Additionally, the victim had been severely beaten within a short time before her death, with at least ten different bruises on her scalp alone in locations where a child would not normally hit her head, and there were injuries to the victim's vagina, anus and mouth consistent with an attempt to forcibly penetrate these openings with an erect male penis.

victim would have been in extreme pain. In her trial testimony and statement to police, Jackson claimed that she arrived home from work around 8:30 p.m. on September 18, 1998; that she changed the victim's diaper and put her in her playpen before going to her own bed; and that she did not notice anything wrong with the child until her live-in boyfriend and co-defendant, Timothy Murphy, informed her the victim was having difficulty breathing. Jackson stated she promptly called for medical assistance, which arrived within 10-15 minutes at 12:56 a.m., September 19, at which time the evidence established that the victim had no pulse, was not breathing, was cold to the touch and had fixed and dilated pupils.

We find this evidence sufficient to enable a rational trier of fact to find Jackson guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Banks v. State*, 271 Ga. 59 (1) (518 SE2d 415) (1999). The trial court did not err by denying Jackson's motion for a directed verdict. See *Estes v. State*, 251 Ga. 347 (1) (305 SE2d 778) (1983) (directed verdict of acquittal appropriate only when there is no conflict in the evidence).

2. The State's expert testified that he found signs of "battered child syndrome" when he performed the autopsy of the victim based on indications the victim had endured three distinct episodes of abusive injuries, including broken ribs that had been fractured two to four weeks before the victim's death.[3] Jackson contends the trial court erred by admitting evidence regarding the broken ribs because the State failed to prove Jackson was the person who inflicted the injuries, see generally *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991), and thus the evidence was not admissible as a similar transaction. Assuming, without deciding, that the trial court erred by admitting this testimony as similar transaction evidence, we nevertheless conclude based on the overwhelming evidence of Jackson's guilt that it is highly probable the error did not contribute to the judgment and we find beyond a reasonable doubt that the error, if any, was harmless. See, e.g., *White v. State*, 269 Ga. 74 (2) (495 SE2d 278) (1998).

3. Jackson failed to object to the prosecutor's closing argument and thus waived her argument on appeal. *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999).

4. The transcript reveals that Jackson's counsel objected before any answers were given by the defense witness to allegedly-improper hypothetical questions posed by the prosecutor; that the trial court

---

[3] The other episodes involved the injuries that led to her death and the blunt trauma damage the victim sustained to her liver some 12 to 24 hours before her death.

responded to Jackson's objections by requiring the State to rephrase the questions; and that, as rephrased, the questions were asked and answered without objection. "Because [Jackson] failed to object to the subsequent question, she is precluded from pursuing this ground on appeal. [Cits.]" *Sedlak v. State*, 275 Ga. 746, 754 (4) (571 SE2d 721) (2002).

5. Jackson contends that the trial court erred by denying her written request to charge the jury regarding mere presence at the scene of the crime.

> The rule that mere presence at the scene of a crime is insufficient to convict is actually a corollary to the require-ment that the State prove each element of the offense charged. [Cit.] In the present case, the trial court correctly instructed the jury on the duty of the State to prove each element of the crime beyond a reasonable doubt and in-structed the jury fully on the law of circumstantial evidence. [Cit.]

*Chung v. State*, 240 Ga. App. 394, 396 (2) (523 SE2d 615) (1999). Based on the extent of the victim's bruising and injuries, it is clear that Jackson failed to appropriately protect and supervise her daugh-ter and to seek prompt medical care for her. The trial court did not err by denying Jackson's request to charge on mere presence. See id.

6. In her final argument, Jackson asserts that she was denied effective assistance of counsel because her attorney failed to move to sever her trial from that of her co-defendant and failed to object to the prosecutor's allegedly improper closing argument. To establish a claim of ineffective assistance of counsel at trial, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washing-ton*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

As to the severance issue, trial counsel at the hearing on the motion for new trial explained that he deliberately chose not to seek severance because he knew the jury would be outraged by the savage injuries inflicted on the victim and his strategy was to enable the jury to focus their outrage on the co-defendant rather than Jackson. Counsel, who had over 30 years trial experience, discussed this strategy with Jackson, who voiced no objection to it.

> The failure to file a motion to sever does not require a finding of ineffective assistance [where] the decision whether to seek severance is a matter of trial tactics or strategy ([cit.]), and a decision amounting to reasonable trial strategy does not constitute deficient performance. [Cit.]

*Harris v. State*, 279 Ga. 522, 529 (615 SE2d 532) (2005).

Jackson also claims counsel was ineffective for failing to object to what she maintains was improper closing argument by the State. This claim lacks merit. A prosecutor's use of phrases such as "I think" and "I know" does not amount to an impermissible statement of personal opinion. *Byers v. State*, 276 Ga. App. 295 (3) (623 SE2d 157) (2005). Furthermore, trial counsel testified that the objectionable statements pertained to the co-defendant and promoted the defense strategy of focusing the jury's attention on the co-defendant. "In general, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. [Cit.]" *Sweet v. State*, 278 Ga. 320, 324 (4) (602 SE2d 603) (2004). We find no error in the trial court's denial of Jackson's motion for new trial on the ground of ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2007.

*Gerald R. Akin*, for appellant.

*J. Gray Conger, District Attorney, Dan Trimble, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.